# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS GOOLSBY, | ) | 1:11cv01773 DLB PC |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT PLEADINGS |
| vs. | ) ) | |
| CATE, et al., | ) ) | (Document 17) |
| Defendants. | ) ) | |

Plaintiff Thomas Goolsby ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 25, 2011.

On January 18, 2013, the Court screened his complaint and found a cognizable First Amendment retaliation claim.  The Court ordered Plaintiff to either file a first amended complaint or notify the Court of willingness to proceed on the cognizable claim.

On February 6, 2013, Plaintiff filed a First Amended Complaint ("FAC").  The Court recently screened the FAC and found that it states cognizable First Amendment retaliation claims and due process claims against Defendants Holland, Steadman, Gutierrez, Noyce, Tyree, Gentry,

1

Eubanks, Medrano and Holman.[1]

On May 6, 2013, Plaintiff filed a Motion to Supplement his complaint with claims occurring after the initial filing of this action.

## DISCUSSION

Under Federal Rule of Civil Procedure Rule 15(d), the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. A party may only file a supplemental complaint with leave of court. When considering whether to allow a supplemental complaint, the Court considers factors such as whether allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile. See San Luis & Delta–Mendota Water Auth. v. United States Dep't of Interior, 236 F.R.D. 491, 497 (E.D.Cal.2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir.1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir.1997)).

The events at issue in the original complaint relate to Plaintiff's gang validation occurring between June 2010 and April 2011. He alleges claims of retaliation and denial of due process against Defendants Holland, Steadman, Gutierrez, Noyce, Tyree, Gentry, Eubanks, Medrano and Holman.

The claims he seeks to supplement, however, while allegedly retaliatory in nature, occurred mainly in January 2012 through March 2012, and involve an entirely different set of Defendants. Plaintiff alleges a retaliatory transfer, as well as other constitutional and state law claim, arising out of his confinement at CCI and his eventual March 2012 transfer to Pelican Bay State Prison.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 5, 2011.

      Plaintiff's after-occurring claims at CCI are largely unrelated to his earlier claims under arising from events in 2010 and 2011, and therefore run afoul of Federal Rule of Civil Procedure Rule 18(a).  "The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir.2007).

      Plaintiff's supplemental claims do not concern the same Defendants or events.  Specifically, the supplemental claims involve an entirely new set of Defendants and relate to events occurring mainly in 2012, almost one year *after* the events at issue in his original complaint.  Indeed, joining these two series of events and Defendants would essentially result in the combination of two separate actions.

      Accordingly, because it would be futile to allow Plaintiff to supplement the complaint in this action with unrelated claims and would not be in the interests of judicial economy, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

  Dated: __May 17, 2013__         /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE