# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>             Plaintiff,<br><br>    vs.<br><br>CATE, et al.,<br><br>             Defendants. | ) 1:11cv01773 DLB PC<br>)<br>) ORDER FINDING CERTAIN<br>) CLAIMS COGNIZABLE, DISMISSING<br>) CERTAIN CLAIMS AND DISMISSING<br>) CERTAIN DEFENDANTS<br>)<br>) ORDER REQUIRING PLAINTIFF TO<br>) EITHER FILE AMENDMED COMPLAINT<br>) **OR** NOTIFY THE COURT OF HIS<br>) WILLINGNESS TO PROCEED ON<br>) COGNIZALBE CLAIMS<br><br>THIRTY DAY DEADLINE |

Plaintiff Thomas Goolsby ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 25, 2011.

On January 18, 2013, the Court screened his complaint and found a cognizable First Amendment retaliation claim against Defendants Gentry, Noyce, Eubanks, Tyree, Medrano, Holland and Steadman. The Court ordered Plaintiff to either file a first amended complaint or notify the Court of willingness to proceed on the cognizable claim.

1

On February 6, 2013, Plaintiff filed a First Amended Complaint ("FAC").  He names CDCR Director Matthew Cate, CCI Warden M. Stainer, CCI Chief Deputy Wardens K. Holland T. Steadman, Captain J. Gutierrez, CCI Lieutenants E. Noyce and J. Tyree, CCI Investigators C. A. Eubanks and B. Medrano, Reviewers Jakabosky and Buechner and Counselor Holman as Defendants.[1]

## A.  LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  Id.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on December 5, 2011.

B.     **SUMMARY OF COMPLAINT**

Plaintiff is currently housed at Pelican Bay State Prison. The events he complains of occurred while he was incarcerated at CCI in Tehachapi, California.

Plaintiff alleges that Defendants Gentry, Noyce, Eubanks, Tyree and Medrano initiated a validation packet against him on the orders of Defendants Holland and Steadmon. Plaintiff alleges that this was done in retaliation for filing appeals and lawsuits against them.

He explains that in June 2010, he was placed in Ad-Seg pending conclusion of an investigation into his gang activities. On August 27, 2010, Defendant Noyce concluded the investigation and found insufficient evidence to validate Plaintiff as an associate of a prison gang. On September 10, 2010, he was released back into the general population.

In December 2010, Plaintiff met with Defendant Holman in preparation for his inmate classification hearing. Defendant Holman told Plaintiff that Defendant Holland "told me to tell you to drop your lawsuits on her or . . . else your [sic] going back to the hole permanently validated." Complaint, at 6. Plaintiff did not reply and did not drop his lawsuits.

On February 11, 2011, he was placed in Ad-Seg pending validation as an associate of the Nazi Low Rider prison gang. Defendant Eubanks gave him his validation packet and Defendant Tyree had signed his lock-up order. Plaintiff alleges that upon reviewing his packet, the documents in his validation packet were the same as those used by Defendant Noyce to find insufficient evidence six months prior.

On April 11, 2011, Plaintiff alleges that Defendant Eubanks admitted that the only reason that Plaintiff was validated was because of his lawsuits and appeals. He alleges that his placement in segregated housing has made it more difficult to conduct legal work, prosecute litigation and get use of the law library.

Plaintiff further alleges that Defendant Eubanks used an illegal "filter list" as evidence to support validation. On January 26, 2010, Defendant Eubanks authored a confidential

3

memorandum indicating that he found a filter list in the property of two other inmates. Plaintiff's name appeared on this list and Defendant Eubanks assumed that it was reliable evidence of gang association. Plaintiff appealed this issue. The appeal was answered by Defendants Holland and Gutierrez, who were aware of the use of the illegal filter list but continued to allow its use.

Plaintiff further contends that in response to the validation packet, he wrote a detailed rebuttal to the allegations. He handed his rebuttal to Defendant Eubanks, yet the packet stated that the investigation was already complete. Defendant Eubanks did nothing with the rebuttal and failed to investigate his contentions. Plaintiff contends that this violated his right to due process because it denied him an opportunity to be heard in a meaningful way. Plaintiff appealed this issue. The appeal was answered by Defendants Holland and Gutierrez, who were aware of the issue but did nothing to allow Plaintiff to be heard in a meaningful way.

Next, Plaintiff alleges that Defendant Medrano reviewed Plaintiff's address book, which was confiscated by Defendant Tyree on May 15, 2009. He contends that this address book included names of prisoners, some of which were friends or were witnesses to planned litigation. Defendant Medrano reviewed the names and came up with two inmates who were validated. Plaintiff had no idea that these inmates were validated at the time he received their information, and had he known, he would not have possessed their information. The two inmates in question were both witnesses in a legal action that Plaintiff was prosecuting, and neither was contacted for personal or gang-related reasons. He contends that Defendants Medrano and Tyree had no evidence that Plaintiff possessed their information for any reasons other than legitimate ones. Plaintiff brought this issue to the attention of Defendants Holland and Gutierrez, but they called to review the issue in any meaningful manner.

Plaintiff alleges that once he was validated, Defendants could severely limit his jailhouse lawyer activities. He cannot contact any inmates for evidence because Defendants view any

4

contact between a validated inmate and another inmate as gang-related.  Plaintiff is therefore forced to choose between prosecuting his actions or being used to falsely validate fellow inmates.  He contends that this policy of viewing all communication as gang-related by Defendants Holland, Gutierrez, Gentry, Noyce, Eubanks, Steadman, Tyree and Medrano constitutes active interference with his ability to access the courts.

        Next, Plaintiff alleges that he was not given "fair warning" or "prior notice" as to which inmates were validated.  He alleges that Defendants Cate, Gonzales[2] and Stainer did not warn him as to which inmates were validated as prior gang members/associates.  As a result, Plaintiff had no idea that he was writing notes and letters to inmates who were validated.  He contends that this violates due process because they prohibit gang activity, yet they fail to provide prior notice as to which inmates are validated.  Plaintiff further alleges that California Penal Code section 5054 and various sections of the California Code of Regulations are vague and fail to warn Plaintiff which inmates are, or are not, validated.  Without a way of knowing, he contends that the rules were applied in an arbitrary and capricious manner because it leaves Plaintiff to speculate as to which inmates may be validated.

        Plaintiff further alleges that he was denied procedural due process.  He explains that prior to January 2010, validated inmates were not sanctioned with the loss of good time credits and the validation process was considered "administrative" in nature.  However, on January 25, 2010, California Penal Code section 2933.6 was amended to require Defendant Cate to take all good time credit from validated inmates.  At a minimum, this lengthens sentences by six years, since all validated inmates spend a minimum of six years in segregated housing.

        Therefore, Plaintiff argues that gang validation proceedings should be given the same due process protection as disciplinary proceedings.  Here, Plaintiff alleges that he was denied witnesses, an Investigative Employee, a Staff Assistant, a hearing, a meeting with a hearing

---

[2] Defendant Gonzales is not in the caption of the FAC or the list of Defendants on the following pages.

officer and a written finding by a hearing officer.  In February 2011, Plaintiff asked Defendant Eubanks for an Investigative Employee, a Staff Assistant and witnesses, but Defendant Eubanks told Plaintiff he was not entitled to these.  He was also denied a meaningful opportunity to be heard because the validation packet given to him by Defendant Eubanks indicated that the investigation was completed.

Plaintiff contends that his case was reviewed by Defendants Jakabosky and Buechner. Plaintiff was denied a hearing with these Defendants and was not allowed to verbally defend himself.  They also did not produce a written finding or outline the evidence relied upon. Plaintiff alleges that Defendants Stainer and Cate are responsible for inmate discipline and ensuring that inmates receive proper due process.

Based on these allegations, Plaintiff alleges (1) First Amendment Retaliation; (2) denial of due process for various reasons; and (3) denial of access to the courts.

**C.      ANALYSIS**

   1.   *Retaliation*

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, Plaintiff alleges that Defendants Gentry, Noyce, Eubanks, Tyree and Medrano, all of whom are involved in the Institutional Gang Investigations ("IGI") process, retaliated against him by issuing a validation packet against him on the orders of Defendants Chief Deputy Warden Holland and Chief Deputy Warden Steadman.  He also alleges that Defendant Holman passed on Defendant Holland's instructions to drop his lawsuits, or else he'd go back to the hole permanently validated.  Plaintiff alleges that he was retaliated against for filing appeals and lawsuits.  Plaintiff contends that his segregated housing has made it significantly harder for him to perform legal work, and therefore his First Amendment activities have been chilled.

As found in the prior screening order, Plaintiff states a First Amendment retaliation claim against Defendants Gentry, Noyce, Eubanks, Tyree, Medrano, Holman, Holland and Steadmon.

2.   *Access to Courts*

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate.  Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011).  This means that the state is prohibited from "erect[ing] barriers that impede the right of access of incarcerated persons."  Id. at 1102 (citations omitted).  However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation.  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012).

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-415 (2002).  The plaintiff must show (1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; (2) the official acts frustrating the litigation; and, in the case of a backward-

looking claim, (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 414-15.

Plaintiff's access to courts claim is based on his contention that by validating him, Defendants Holland, Steadman, Gutierrez, Gentry, Noyce, Eubanks, Tyree and Medrano are forcing him to choose between litigating his actions or exposing other inmates to validation. He points to their policy of viewing all communications by validated inmates as gang-related activity. Plaintiff alleges that this can "severely cripple Plaintiff's jail house lawyer activities" and has injured Plaintiff by denying him the ability to correspond with co-plaintiffs or inmate witnesses, or obtain inmate declarations. FAC 10.

He fails to state a claim, however, because he has not alleged an actual injury. An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348. Here, Plaintiff's allegations are general in nature and somewhat speculative. Plaintiff does not allege that the policy has frustrated contemplated or existing litigation or that he has, in fact, suffered an "actual injury" in any way. Harbury, 536 U.S. at 415-16; Nevada Dep't. of Corr., 648 F.3d at 1018.

    3.    *Procedural Due Process*

        a.    Applicable Legal Standard

Prior to determining whether Plaintiff has stated a claim for his various allegations of denial of due process, the Court must address Plaintiff's argument relating to California Penal Code section 2933.6. Section 2933.6(a) was amended in 2010 to prohibit inmates who are validated as prison gang members from earning work or good time credits during the time the inmate is in the SHU or Ad-Seg. He contends this ineligibility turns the gang validation process from an administrative procedure into a disciplinary action, which would entitle him to additional due process protections.

Plaintiff's argument, however, misstates the law and ignores a critical difference between the treatment of good time credit in disciplinary hearings and in gang validations. In disciplinary hearings, *earned* good time credits are *taken away*, resulting in increased procedural due process protections because an otherwise earlier release date may be invalidated. Under 2933.6(a), however, an inmate who has been validated in a gang does not lose earned credit, but rather becomes *ineligible* to earn *additional* credits while in segregated housing. Plaintiff's inability to earn additional credits does not alter a previously earned release date. Accordingly, the Court will not expand procedural due process protections in gang validations beyond what is currently required by the Ninth Circuit.

The assignment of validated gang members and associates to the SHU is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. Bruce, 351 F.3d at 1287 (citing Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995)).

In addition to these minimal protections, there must be "some evidence" supporting the decision. Id. (citing Superintendent v. Hill, 472 U.S. 445, 454 (1985)). Although discussed in the context of a disciplinary hearing, the Ninth Circuit has stated that under the Hill standard, the evidence should have some indicia of reliability. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

      b.    Use of Filter List

Plaintiff alleges that Defendant Eubanks used an illegal "filter list" as evidence of gang affiliation. He contends that this list is not reliable evidence and that Defendant Eubanks

admitted as much when he left the boxes under "reliability of source" blank. The Court finds that this states a due process claim against Defendant Eubanks.

As to Defendants Holland and Gutierrez, Plaintiff alleges that he appealed the issue to them and despite their knowledge, they did not correct the situation. In most situations, a claim does not exist against officials involved in appeals because they generally do not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). However, given Plaintiff's allegation that Defendant Holland instructed other Defendants to validate Plaintiff, and the fact that Defendant Gutierrez is an Institutional Gang Investigator captain, sufficient facts have been alleged to suggest that these Defendants turned a blind eye to constitutional violations being committed by subordinates. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Accordingly, Plaintiff also states a due process claim against Defendants Holland and Gutierrez.

   c. Failure to Investigate Rebuttal

Plaintiff's allegations that Defendant Eubanks did not investigate his rebuttal is sufficient to state a claim for violation of due process insofar as he denied Plaintiff a meaningful opportunity to be heard. Plaintiff also states a claim against Defendants Holland and Gutierrez for the reasons described above.

   d. Use of Inmate Addresses

Plaintiff alleges that Defendants Medrano and Tyree reviewed Plaintiff's address book and found two inmates that were validated gang members. Plaintiff denies that he contacted these two inmates for gang-related reasons and argues that Defendants have no such evidence. This states a claim against Defendants Medrano and Tyree. It also states a claim against Defendants Holland and Gutierrez for the reasons discussed above.

e.       Fair Warning and Prior Notice

Plaintiff attempted to raise this issue in his original complaint. The Court explained that due process does not require advance notice of the consequences of one's actions, regardless of the severity of those actions. This remains the law and Plaintiff has not stated a claim against Defendants Cate, Stainer and Gonzales based on their failure to provide Plaintiff with advance notice of which inmates were validated members.

Insofar as Plaintiff suggests that the regulations governing prison discipline are vague, his argument fails. The Ninth Circuit recently rejected a similar void for vagueness claim relating to California Code of Regulations, title 15, section 3378(c)(4) and its definition of "associate." The Ninth Circuit found in part that section 3378(c)(4) and associated regulations were sufficiently definite to notify the plaintiff that his conduct could be used as evidence of his gang involvement. Castro v. Terhune, --F.3d--, 2013 WL 1364134, *7 (9th Cir. 2013).

This claim cannot be cured by amendment.

f.       Additional Due Process Protections

The Court has rejected Plaintiff's contention that his gang validation is akin to a disciplinary hearing. Therefore, his contentions that he was entitled to an impartial hearing officer, Investigative Employee, Staff Assistant and a written decision fail to state a claim.

This claim cannot be cured by amendment.

D.     **CONCLUSION AND ORDER**

IT IS HEREBY ORDERED THAT:

1.       Plaintiff's FAC states a First Amendment retaliation claim against Defendants Gentry, Noyce, Eubanks, Tyree, Medrano, Holman, Holland and Steadman, and violation of due process claims against Defendants Eubanks, Tyree, Medrano, Holland and Gutierrez;

2.       It does not state a claim for violation of due process based on failure to give fair notice, or for failure to give protections associated with disciplinary hearings. These claims

cannot be amended and must be DISMISSED WITHOUT LEAVE TO AMEND. Defendants Cate, Stainer, Gonzales, Jakabosky or Buechner and these Defendants are also DISMISSED WITHOUT LEAVE TO AMEND;

3. Plaintiff's access to the courts claim against Defendants Holland, Gutierrez, Gentry, Noyce, Eubanks, Steadman, Tyree and Medrano is DISMISSED WITH LEAVE TO AMEND; however

4. Plaintiff MUST NOTIFY the Court **WITHIN 30 DAYS** whether he will file an amended complaint in an attempt to cure the access of the courts claim, or proceed on the cognizable due process and retaliation claims. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff files an amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Further, Plaintiff is notified that his amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

If Plaintiff is willing to proceed on his FAC against Defendants Gentry, Noyce, Eubanks, Tyree, Medrano, Holman, Holland, Steadman and Gutierrez, Plaintiff may notify the Court in writing. The Court will then dismiss the access to the courts claim and provide Plaintiff with further instructions regarding service of a summons and the FAC; and

5. The Clerk's Office SHALL send Plaintiff a civil rights complaint form.

If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:    **May 17, 2013**                     /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE