# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THOMAS GOOLSBY,

    Plaintiff,

  vs.

CATE, et al.,

    Defendants.

1:11cv01773 DLB PC

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

(Document 21)

    Plaintiff Thomas Goolsby ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 25, 2011.[1]

    On January 18, 2013, the Court screened his complaint and found a cognizable First Amendment retaliation claim. The Court ordered Plaintiff to either file a first amended complaint or notify the Court of willingness to proceed on the cognizable claim. On February 6, 2013, Plaintiff filed a First Amended Complaint ("FAC").

    The Court screened the FAC on May 20, 2013, and found that it states cognizable First Amendment retaliation claims and due process claims against Defendants Holland, Steadman,

---

[1] On December 5, 2011, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1

Gutierrez, Noyce, Tyree, Gentry, Eubanks, Medrano and Holman.  Plaintiff was ordered to either notify the Court of his willingness to proceed on the cognizable claims or file an amended complaint.  The Court also dismissed certain claims and Defendants without leave to amend.

On May 6, 2013, Plaintiff filed a Motion to Supplement his complaint with claims occurring after the initial filing of this action.  The Court denied the motion on May 17, 2013.

On May 28, 2013, Plaintiff filed a Motion for Reconsideration of the Court's May 17, 2013, order.

## **LEGAL STANDARD**

Rule 60(b)(6) allows the Court to relieve a party from a final judgment, order, or proceeding for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008).  The moving party "must demonstrate both injury and circumstances beyond his control...." Id.  In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation ..." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001).

Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir.1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir.1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See</u> <u>e.g.</u>, <u>Kern–Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part and rev'd in part, 828 F.2d 514 (9th Cir.1987).

## DISCUSSION

Plaintiff seeks reconsideration of the Court's May 17, 2013, order denying his Motion to Supplement his complaint with events occurring after those in the original complaint. The Court explained:

> Plaintiff's supplemental claims do not concern the same Defendants or events. Specifically, the supplemental claims involve an entirely new set of Defendants and relate to events occurring mainly in 2012, almost one year *after* the events at issue in his original complaint. Indeed, joining these two series of events and Defendants would essentially result in the combination of two separate actions.

In his motion for reconsideration, Plaintiff takes issue with the Court's statement that the events relate to an "entirely new set of Defendants." He argues that Defendant Holland is a Defendant in the original complaint and the supplemental claims involve actions taken by her subsequent to the original events. He further contends that simply because she used different means of retaliation (gang validation vs. retaliatory transfer), he should not be barred from supplementing his pleadings.

Plaintiff's argument is not compelling. While he is correct that Defendant Holland is a Defendant in both the original complaint and the proposed supplemental allegations, it does not change the ultimate conclusion.

Rule 15(d) does not require the moving party to satisfy a transactional test, but there must still be a relationship between the claim in the original pleading and the claims sought to be

3

added.  Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).  Thus, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action."  Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

Here, Defendant Holland is the *only* Defendant involved in the events of both the original complaint and the supplemental allegations.  This does not, however, make the separate and distinct causes of action related.  As previously explained, the original complaint involves a retaliatory gang validation occurring from June 2010 through April 2011.  The supplemental allegations involve an allegedly retaliatory transfer in March 2012.  Although Plaintiff characterizes this as a continuation of Defendant Holland's retaliatory actions, he admits that Defendant Holland recruited a "different set of officials" and used a different means of retaliation.  In other words, although Defendant Holland may be a common Defendant, the fact remains that the supplemental claims involve eight new Defendants, a different time period and a different retaliatory event with different facts.

Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **June 6, 2013**                      /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE