# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>    Plaintiff,<br><br>    vs.<br><br>CATE, et al.,<br><br>    Defendants. | 1:11cv01773 DLB PC<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION<br><br>(Document 40) |

Plaintiff Thomas Goolsby ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 25, 2011.[1]

This action is proceeding on First Amendment retaliation claims and due process claims against Defendants Holland, Steadman, Gutierrez, Noyce, Tyree, Gentry, Eubanks, Medrano and Holman.

Defendants' November 26, 2013, Motion to Dismiss is currently pending. Plaintiff's December 11, 2013, Motion to Stay is also pending.

---

[1] On December 5, 2011, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

1

On December 6, 2013, Plaintiff filed a request for entry of default against Defendant Holman.  The Court denied the request on December 17, 2013, explaining that there was no evidence in the record that Defendant Holman had been served.

On December 26, 2013, Plaintiff filed this Motion for Reconsideration of the denial of his request for entry of default.

## LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from a final judgment, order, or proceeding for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008).  The moving party "must demonstrate both injury and circumstances beyond his control...." Id.  In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation ..." of that which was already considered by the court in rendering its decision.  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001).

Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983).  To succeed, a party must set forth facts or law of a strongly convincing nature to

induce the court to reverse its prior decision.  See e.g., Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part and rev'd in part, 828 F.2d 514 (9th Cir.1987).

## DISCUSSION

Here, Plaintiff bases his Motion for Reconsideration on the recent waiver of service filed on behalf of Defendant Holman.  He contends that now that there is proof of service, default should be entered.

Plaintiff is correct that Defendant Holman has been served.  According to the waiver and the proof of service provided by Plaintiff, Defendant Holman was served on December 2, 2013.  Defendant Holman was therefore required to file a response within 60 days of December 2, 2013.  Fed. R. Civ. Proc. 4(d)(3).

On December 13, 2013,  Defendant Holman appeared in this action and joined in Defendants' November 26, 2013, Motion to Dismiss.

Plaintiff's Motion for Reconsideration is therefore without merit.  Defendant Holman has now been served and, most importantly, he has filed a response within the allotted time.

Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **January 8, 2014**                    /s/ Dennis L. Beck
                                                 UNITED STATES MAGISTRATE JUDGE