# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>            Plaintiff,<br><br>    vs.<br><br>CATE, et al.,<br><br>            Defendants. | )  1:11cv01773 LJO DLB PC<br>)<br>)  ORDER GRANTING PLAINTIFF'S<br>)  MOTION FOR LIMITED DISCOVERY<br>)  UNDER RULE 56(D)<br>)<br>)  (Document 62)<br>)<br>)<br>) |

Plaintiff Thomas Goolsby ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 25, 2011.

This action is proceeding on First Amendment retaliation claims and due process claims against Defendants Holland, Steadman, Gutierrez, Noyce, Tyree, Gentry, Eubanks, Medrano and Holman.

On November 26, 2013, Defendants filed a Motion to Dismiss based on failure to state a claim and exhaustion. The motion has been converted into a motion for summary judgment. The parties did not submit additional briefing on the portion of the motion related to the validity of Plaintiff's gang validation within the time prescribed by the Court.

1

As to the exhaustion portion, Plaintiff filed a timely motion pursuant to Federal Rule of Civil Procedure 56(d) on April 11, 2014.[1] Defendants did not oppose the motion and it is now deemed submitted pursuant to Local Rule 230(l).

## DISCUSSION

A. <u>LEGAL STANDARD</u>

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

B. <u>ANALYSIS</u>

At issue in the exhaustion analysis is whether Plaintiff should have filed a separate appeal relating to Defendants' review at the Second Level. Plaintiff argues that he could not have filed a separate appeal because it would have been considered appeal system abuse.

In his motion for discovery, Plaintiff requests (1) requests for production of documents; (2) interrogatories; and (3) requests for admissions. Plaintiff identifies the specific information he believes is necessary to defeat summary judgment.

---

[1] It appears that Plaintiff misunderstood the April 1, 2014, order as converting the entire motion to a motion for summary judgment. Nonetheless, as the exhaustion portion eventually converted on April 10, 2014, the instant motion remains relevant.

After reviewing Plaintiff's request, the Court GRANTS Plaintiff's motion and will permit limited discovery. The Court will permit Plaintiff to issue requests for production requesting the specific documents, as well as interrogatories requesting the information specified. Requests for admission are not necessary at this time.

Plaintiff must serve this limited discovery within twenty-one (21) days of the date of service of this order. Defendants must respond within thirty (30) days of service.

Any supplemental opposition shall be due within thirty (30) days of receiving responses to discovery. Defendants' reply, if any, shall be due within fourteen (14) days of service of the supplemental opposition.

IT IS SO ORDERED.

Dated:   **May 8, 2014**                             /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE