# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>           Plaintiff,<br><br>   vs.<br><br>CATE, et al.,<br><br>           Defendants. | )  1:11cv01773 LJO DLB PC<br>)<br>)  ORDER DENYING PLAINTIFF'S<br>)  MOTION TO COMPEL AS MOOT AND<br>)  DENYING REQUEST FOR SANCTIONS<br>)<br>)  (Document 72)<br>)<br>)<br>) |

      Plaintiff Thomas Goolsby ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 25, 2011.

      This action is proceeding on First Amendment retaliation claims and due process claims against Defendants Holland, Steadman, Gutierrez, Noyce, Tyree, Gentry, Eubanks, Medrano and Holman.

      Defendants' motion for summary judgment is pending.

      On May 8, 2014, the Court granted Plaintiff's request for discovery under Rule 56(d).

      On July 7, 2014, Plaintiff filed a motion to compel Defendant Holland to produce documents related to his Rule 56(d) discovery. Defendant opposed the motion on August 4,

2014, and indicated that she served supplemental responses which included the sections of the requested documents pertaining to inmate appeals.

Indeed, on August 11, 2014, Plaintiff filed his reply and explained that he had received "all needed documents as far as the Rule 56(d)." ECF No. 78, at 1.  Plaintiff received the supplemental responses on August 7, 2014.  Plaintiff's motion to compel is therefore DENIED AS MOOT.

Regardless of Defendant's supplemental response, however, Plaintiff urges the Court to impose sanctions against Defendant for failing to initially comply with discovery.

In Defendant Holland's initial responses, Defendant Holland indicated that Plaintiff had access to the requested documents in the prison law library.  In the opposition, Defendant Holland acknowledged that the assumption was "incorrect," because prison law libraries only had *current* versions of Title 15 and the Department of Operations Manual.  ECF No. 77, at 2.

Plaintiff believes that Defendant Holland simply lied in the initial responses and requests that the Court impose sanctions because he was forced to file a motion to compel.  Discovery sanctions are appropriate only in "extreme circumstances" and when the violation is due to willfulness, bad faith, or fault of the party.  Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002).  Despite Plaintiff's belief, there is no indication that Defendant Holland acted in bad faith.  Accordingly, Plaintiff's request for sanctions is DENIED.

Pursuant to the May 8, 2014, order, any supplemental opposition shall be due within thirty (30) days of receiving responses to discovery.  Defendants' reply, if any, shall be due within fourteen (14) days of service of the supplemental opposition.

IT IS SO ORDERED.

Dated:   **August 25, 2014**                              /s/ Dennis L. Beck
                                                                    UNITED STATES MAGISTRATE JUDGE