# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, | ) 1:11cv01773 LJO DLB PC |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING DEFENDANTS' MOTION |
| vs. | ) FOR SUMMARY JUDGMENT BASED ON |
| | ) PLAINTIFF'S FAILURE TO EXHAUST |
| | ) (Document 33-1) |
| GENTRY, et al., | ) |
| | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |

Plaintiff Thomas Goolsby ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 25, 2011.

## A.   PROCEDURAL HISTORY

On May 20, 2013, the Court screened Plaintiff's First Amended Complaint ("FAC") and found the following cognizable claims: (1) First Amendment retaliation claim against Defendants Gentry, Noyce, Eubanks, Tyree, Medrano, Holman, Holland and Steadman; and (2) violation of due process against Defendants Eubanks, Tyree, Medrano, Holland and Gutierrez. The Court dismissed all other claims and Defendants.

On November 26, 2013, Defendants filed a motion to dismiss the due process claims based on failure to state a claim and failure to exhaust.[1]  Defendant Holman joined in the motion on December 13, 2013.

Plaintiff filed his opposition on January 6, 2014, and with Court permission, he filed a supplemental opposition on January 28, 2014.

Defendants filed their reply on March 13, 2014.

Plaintiff filed a motion for leave to file a surreply, along with a surreply, on March 24, 2014.[2]

On April 1, 2014, based on the parties' submission of outside evidence, the Court converted the portion of the motion to dismiss based on 12(b)(6) into a motion for partial summary judgment.

On April 10, 2014, based on the Ninth Circuit's ruling in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014), the Court converted the exhaustion portion of the motion to dismiss into a motion for summary judgment.  The Court also granted Plaintiff's request for discovery pursuant to Rule 56(d) and permitted the parties to file supplemental responses.  Plaintiff filed his supplemental response on August 15, 2014.  Defendants did not file a supplemental response.

In the interest of clarity, the Court will rule on the two portions of the motion for summary judgment by separate Findings and Recommendations.  Therefore, the instant Findings and Recommendations address only the portion of the motion for summary judgment based on failure to exhaust the due process claim against Defendants Holland and Gutierrez.  The issue is fully briefed and ready for decision pursuant to Local Rule 230(l).

---

[1]  Defendants are not moving to dismiss the retaliation claim.

[2]  Plaintiff's supplemental opposition and surreply relate to the 12(b)(6) portion of the motion to dismiss.

**B.**     <u>**ALLEGATIONS IN FAC**</u>

Plaintiff is currently housed at the R. J. Donovan Correctional Facility.  The events at issue occurred while he was incarcerated at CCI in Tehachapi, California.

Plaintiff alleges that Defendants Gentry, Noyce, Eubanks, Tyree and Medrano initiated a validation packet against him on the orders of Defendants Holland and Steadmon.  Plaintiff alleges that this was done in retaliation for filing appeals and lawsuits against them.

He explains that in June 2010, he was placed in Ad-Seg pending conclusion of an investigation into his gang activities.  On August 27, 2010, Defendant Noyce concluded the investigation and found insufficient evidence to validate Plaintiff as an associate of a prison gang.  On September 10, 2010, he was released back into the general population.

In December 2010, Plaintiff met with Defendant Holman in preparation for his inmate classification hearing.  Defendant Holman told Plaintiff that Defendant Holland "told me to tell you to drop your lawsuits on her or . . . else your [sic] going back to the hole permanently validated."  Complaint, at 6.  Plaintiff did not reply and did not drop his lawsuits.

On February 11, 2011, he was placed in Ad-Seg pending validation as an associate of the Nazi Low Rider prison gang.  Defendant Eubanks gave him his validation packet and Defendant Tyree signed his lock-up order.  Plaintiff alleges that upon reviewing his packet, the documents in his validation packet were the same as those used by Defendant Noyce to find insufficient evidence six months prior.

On April 11, 2011, Plaintiff alleges that Defendant Eubanks admitted that the only reason that Plaintiff was validated was because of his lawsuits and appeals.  He alleges that his placement in segregated housing has made it more difficult to conduct legal work, prosecute litigation and access the law library.

Plaintiff further alleges that Defendant Eubanks used an illegal "filter list" as evidence to support validation.  On January 26, 2010, Defendant Eubanks authored a confidential

memorandum indicating that he found a filter list in the property of two other inmates. Plaintiff's name appeared on this list and Defendant Eubanks assumed that it was reliable evidence of gang association. Plaintiff appealed this issue. The appeal was answered by Defendants Holland and Defendant Gutierrez, who were aware of the use of the illegal filter list but continued to allow its use.

Plaintiff further contends that in response to the validation packet, he wrote a detailed rebuttal to the allegations. He handed his rebuttal to Defendant Eubanks, yet the packet stated that the investigation was already complete. Defendant Eubanks did nothing with the rebuttal and failed to investigate his contentions. Plaintiff contends that this violated his right to due process because it denied him an opportunity to be heard in a meaningful way. Plaintiff appealed this issue. The appeal was answered by Defendants Holland and Gutierrez, who were aware of the issue but did nothing to allow Plaintiff to be heard in a meaningful way.

Next, Plaintiff alleges that Defendant Medrano reviewed Plaintiff's address book, which was confiscated by Defendant Tyree on May 15, 2009. He contends that this address book included names of prisoners, some of which were friends or were witnesses to planned litigation. Defendant Medrano reviewed the names and came up with two inmates who were validated. Plaintiff had no idea that these inmates were validated at the time he received their information, and had he known, he would not have possessed their information. The two inmates in question were both witnesses in a legal action that Plaintiff was prosecuting, and neither was contacted for personal or gang-related reasons. He contends that Defendants Medrano and Tyree had no evidence that Plaintiff possessed their information for any reasons other than legitimate ones. Plaintiff brought this issue to the attention of Defendants Holland and Gutierrez, but they failed to review the issue in any meaningful manner.

**C.      SUMMARY JUGMENT STANDARD**

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings.  Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  Albino, 747 F.3d at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and [following such denial] the district judge rather than a jury should determine the facts."  Id.  The Albino court specified that the court should act as the finder of fact in connection with an exhaustion challenge "in a preliminary proceeding" and, "if feasible, before reaching the merits of a prisoner's claim."  Id. at 1168, 1170.

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines only whether there is a genuine issue for trial, and Plaintiff's filings must be liberally construed because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

**D.**   **DISCUSSION**

1.   Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).  An administrative grievance must alert the prison to the nature of the wrong for which redress is sought.  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

2.   Appeals Process

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  Generally, a prisoner must proceed through an initial informal level and three formal levels of review, culminating in a third-level decision.  Cal. Code Regs. tit. 15, § 3084.7.  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

3.   Analysis

Defendants argue that Plaintiff failed to exhaust his due process claims against Defendants Holland and Gutierrez.  They reviewed Plaintiff's appeal at the Second Level on July

6

21, 2011, and it is this review that gives rise to Plaintiff's due process claims against them. Alomari Decl., Ex. F. The Court found that Plaintiff stated a claim against them in their role as appeal reviewers because Defendant Gutierrez was an Institutional Gang Investigation captain, and Plaintiff had alleged that Defendant Holland instructed other Defendants to validate him. These facts suggested that as appeal reviewers, they may have turned a blind eye to a constitutional violation committed by subordinates. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).

The undisputed facts show that Plaintiff filed appeal log number CCI-11-0708, the appeal that raised the underlying due process issues, on or about June 9, 2011. Alomari Decl. ¶ 6, Ex. F. On July 21, 2011, Defendants Holland and Gutierrez issued a response at the Second Level. Alomari Decl. ¶ 6, Ex. F. Plaintiff sought review at the Third Level, which was denied on October 3, 2011. Alomari Decl. ¶ 6, Ex. F.

It is also undisputed that Plaintiff did not file a separate appeal relating solely to the July 21, 2011, Second Level review by Defendant Holland and Gutierrez. Defendants contend that Plaintiff's failure to do so renders his claims unexhausted. Defendants also argue that appeal 11-0708 could not have exhausted the issues against Defendants Holland and Gutierrez because it was filed *prior* to their involvement in the appeal.

In opposition, Plaintiff argues that CCI-11-0708 sufficed to exhaust the claims against Defendants Gutierrez and Holland. He argues that pursuant to section 3084.2 of Title 15 of the California Code of Regulations, his only option to contest the Second Level decision of Defendants Holland and Gutierrez was to file at the Third Level.

In essence, then, Plaintiff believes that he did exactly what he was supposed to do, and all he could do, to challenge the actions of Defendant Holland and Gutierrez. Plaintiff argues that the Third Level review considered Defendant Holland's and Gutierrez's review, and the prison therefore had the opportunity to correct their actions.

The Court does not agree that the underlying appeal exhausted the claims against Defendants Holland and Gutierrez.  An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d 813, 822-823 (9th Cir. 2010).  To provide adequate notice, "the prisoner need only provide the level of detail required by the prison's regulations." Id. at 824.

CCI-11-0708, filed before Defendants Holland and Gutierrez reviewed his appeal, did not, and could not, have sufficiently put the prison on notice of his claims against either Defendant Holland or Gutierrez.  Plaintiff's original grievance raised due process and retaliation issues related to his gang validation.  Alomari Decl., Ex. F.  He did not identify any individuals, but rather set forth six reasons why he believed his gang validation was not proper.

In *this* action, Plaintiff alleges that when Defendants Holland and Gutierrez reviewed his appeal at the Second Level, they did not allow him to be heard in a meaningful way and/or failed to review his issues in a meaningful way.  Moreover, while he alleges that Defendant Holland was involved in the underlying retaliation, Defendant Gutierrez was not involved until he reviewed the appeal at the Second Level.

The requirement of a separate appeal is supported by Section 3084.1(b), which states: "Administrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the appellant *that was not included in the originally submitted [appeal]* and addressed through all required levels of administrative review up to and including the third level."  (emphasis added).  In other words, although Plaintiff contends that the Third Level review necessarily included his claims against Defendants Holland and Gutierrez, new claims are not permitted as the appeal moves through the levels of review.  A prisoner does not exhaust administrative remedies when he includes new issues from one level of review to another.  Dawkins v. Butler, 2013 WL 2475870, *8 (S.D. Cal. 2013) (a claim made for the first

time in plaintiff's request for Third Level review was insufficient to exhaust the issue where it was not included in the original appeal).

Even if Plaintiff could have properly raised the specific issues against Defendants Holland and Gutierrez after the Second Level review, he did not do so. On the section of the 602 form where an inmate can explain the reasons for dissatisfaction with the Second Level decision, Plaintiff stated only, "I am dissatisfied as none of my appeal issues were granted and none of my actions requested were granted. I affirm all requests and allegations." Alomari Decl., Ex. F.

Plaintiff also argues that he would not have been permitted to file a separate appeal because filing at the Third Level was his only option for appealing the Second Level decision. He believes that if he had filed a separate appeal, it would have been considered appeal system abuse.

The failure to exhaust may be excused where the administrative remedies are rendered "unavailable," but Plaintiff bears the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. Sapp, 623 F.3d at 822-23; Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-40 (9th Cir. 2005). Here, although Plaintiff believes that there was no avenue to appeal his claims against Defendants Holland and Gutierrez, there is no evidence that he made reasonable, good faith effort to exhaust but was prevented from doing so. Sapp, 623 F.3d at 823; Nunez, 591 F.3d at 1224. Plaintiff therefore failed to carry his burden of demonstrating that administrative remedies were unavailable.

The Court recognizes that this is an unusual situation and it understands Plaintiff's argument that appealing the issue to the Third Level would necessarily include a claim that the reviewers erred in their decision. However, given the undisputed facts and applicable law, the Court finds that separate appeals were necessary to properly exhaust the due process claims against Defendants Holland and Gutierrez related to their role in the appeal review. Plaintiff's

claims against them were distinct enough from the original appeal to require separate appeals. See eg. Simpson v. Justin, 2013 WL 3070625 (E.D. Cal. 2013).

**E.      CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      Defendants' motion for summary judgment based on Plaintiff's failure to exhaust the due process claims against Defendants Holland and Gutierrez, filed on November 25, 2013, be GRANTED;

2.      The due process claims against Defendants Holland and Gutierrez be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to exhaust; and

3.      Defendant Gutierrez be DISMISSED from this action as the due process claim is the only claim against him.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **September 19, 2014**              /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE