# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>              Plaintiff,<br><br>     vs.<br><br>GENTRY, et al.,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:11cv01773 LJO DLB PC

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS REGARDING
DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT BASED ON EXHAUSTION
AND DEFENDANTS' PARTIAL MOTION
FOR SUMMARY JUDGMENT

(Documents 83 and 85)

Plaintiff Thomas Goolsby ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 26, 2013, Defendants filed a motion to dismiss due process claim based on exhaustion and failure to state a claim.[1]

On April 1, 2014, based on the parties' submission of outside evidence, the Court converted the portion of the motion to dismiss based on 12(b)(6) into a motion for partial summary judgment.

---

[1] Plaintiff's retaliation claims were not addressed by these motions.

1

On April 10, 2014, based on the Ninth Circuit's ruling in <u>Albino v. Baca</u>, 747 F.3d 1162 (9th Cir. 2014), the Court converted the exhaustion portion of the motion to dismiss into a motion for summary judgment.

The matters were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 19, 2014, the Court issued <u>Findings and Recommendations</u> that Defendants' motion for summary judgment based on exhaustion be granted.

On September 29, 2014, the Court issued <u>Findings and Recommendations</u> that Defendants' motion for partial summary judgment be granted.

The Findings and Recommendations were served on the parties and contained notice that any objections to the Findings and Recommendations were to be filed within thirty (30) days.

Plaintiff filed <u>objections</u> on October 22, 2014.  Defendants did not file a response.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendations are supported by the record and proper analysis.

*Exhaustion*

Plaintiff's due process claim against Defendants Holland and Gutierrez is based on their review of Plaintiff's gang validation appeal at the Second Level.  The Magistrate Judge found that given the undisputed facts, Plaintiff was required to file a separate appeal to address his claims against Defendants Holland and Gutierrez.  In so finding, the Magistrate Judge rejected Plaintiff's argument that he could not file a separate appeal, and that his appeal to the Third Level necessarily included his claim against Defendants Holland and Gutierrez related to their review at the Second Level.

In his objections, Plaintiff again argues that he could not have filed a separate appeal because "it is impossible and not allowed." ECF No. 88, at 2. The Magistrate Judge addressed this argument, explaining that Plaintiff failed to carry his burden of demonstrating that administrative remedies were unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822-823 (9th Cir. 2010).

Finally, Plaintiff contends that there is a dispute of material fact given the Title 15 regulation and the statement in Plaintiff's declaration that he could not have filed a separate appeal. Plaintiff's statement in his declaration is his *opinion*, however, and does not create a dispute of *fact*.

*Due Process*

Plaintiff contends that he feels "cheated" by the Magistrate Judge's decision to convert Defendants' motion to dismiss into a motion for partial summary judgment based on the outside evidence submitted by the parties. He states that he based his opposition on motion to dismiss standards, yet after briefing, "and with no warning," the Magistrate Judge applied the standards for a motion for summary judgment. ECF No. 88, at 4. He states that he was denied the opportunity to conduct discovery on the due process issues and file supplemental briefing.

Plaintiff's argument is wholly undermined by the Magistrate Judge's April 1, 2014, order converting the motion. In the order, the Court notified Plaintiff of the requirements of opposing a motion for summary judgment, including his right under Federal Rule of Civil Procedure 56(d) request to conduct discovery. The Court also specifically stated, "The parties SHALL submit any further briefing within thirty (30) days of the date of service of this order." ECF No. 58, at 2.

Despite the opportunity, Plaintiff did not file a Rule 56(d) motion or submit supplemental briefing.[2] Nonetheless, and ensuring that Plaintiff had every opportunity to be heard, the Court

---

[2] Plaintiff's request for 56(d) discovery on April 11, 2014, was related to the exhaustion issue. The parties' supplemental briefing was also related to exhaustion.

3

granted Plaintiff's request to file a surreply to address the arguments on the merits of the due process claim.

Finally, Plaintiff disagrees with the Magistrate Judge's conclusion that Defendants did not violate his due process rights by relying on certain information to validate him.  Indeed, Plaintiff admits that the facts "are not really in dispute." ECF No. 88, at 4.  Instead, Plaintiff contends that there is a dispute related to the inferences Defendants are permitted to draw from the information.  This is a *legal* issue, however, and the Court applies this law to the undisputed facts.  The Magistrate Judge explained:

> Plaintiff admits, and it is therefore undisputed, that Plaintiff had the names, prisoner numbers and addresses of inmates Baumgaertel and Pandolfi.  He argues, however, that he had legitimate legal reasons for having their information.  For example, Plaintiff contends that Inmate Baumgaertel was witness in one of Plaintiff's legal actions, and that the Court required Plaintiff to submit his name and prison number.  Plaintiff explains that he had Inmate Pandolfi's contact information because he was involved in a 2007 cell extraction for which Plaintiff contemplated litigation.
>
> Again, however, the fact that there may have been an alternate explanation as to why Plaintiff possessed their information does not, alone, preclude use of the information.  Hill, 472 U.S. at 457.  Nor do Defendants have to prove that Plaintiff had their information for gang related reasons.  See Andrade v. Lewis, 2013 WL 5694331, *6 (N.D.Cal. 2013) ("In light of the well-recognized danger posed by prison gangs, prison officials properly could determine that, by being affiliated with a gang, the inmate does pose a threat and endanger institutional security because prison gangs endanger institutional security.").

ECF No. 85, at 11.

Plaintiff's disagreement with the law does not render the Magistrate Judge's findings incorrect or unsupported.

///

///

///

///

///

4

Accordingly, IT IS HEREBY ORDERED that:

1.      The Findings and Recommendations, filed September 9, 2014 (Document 83) and
        September 29, 2014 (Document 85) are ADOPTED in full;

2.      Defendants' motion for summary judgment based on exhaustion (Document 33-1)
        is GRANTED, and Plaintiff's due process claim against Defendants Holland and
        Gutierrez is DISMISSED WITHOUT PREJUDICE;

3.      Defendant Gutierrez is DISMISSED from this action as the unexhausted due
        process claim is the only claim against him;

4.      Defendants' partial motion for summary judgment (Document 33-2) is
        GRANTED;

5.      Judgment is entered in favor of Defendants Eubanks, Medrano, and Tyree on the
        due process claim;

6.      This action SHALL proceed on Plaintiff's retaliation claim against Defendants
        Gentry, Noyce, Eubanks, Tyree, Medrano, Holman, Holland and Steadman; and

7.      Defendants SHALL file a responsive pleading within thirty (30) days of the date
        of service of this order.

IT IS SO ORDERED.

   Dated:   **November 13, 2014**            **/s/ Lawrence J. O'Neill**
                                             UNITED STATES DISTRICT JUDGE