1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                            EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS GOOLSBY,                    Case No. 1:11-cv-01773-LJO-DLB PC

12              Plaintiff,              ORDER REGARDING PLAINTIFF'S
                                        MOTION TO COMPEL
13        v.                            (Document 87)

14   GENTRY, et al.,                    ORDER REGARDING PLAINTIFF'S
                                        MOTION TO SUPPLEMENT REPLY
15              Defendants.             (Document 105)

16

17        Plaintiff Thomas Goolsby ("Plaintiff") is a California state prisoner proceeding pro se and in

18   forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding on

19   Plaintiff's First Amendment retaliation claim against Defendants Gentry, Noyce, Eubanks, Tyree,

20   Medrano, Holman, Holland and Steadman.[1]

21        The discovery cut-off is April 16, 2015.  Dispositive motions must be filed by May 15, 2015.

22        On October 17, 2014, Plaintiff filed the instant motion to compel Defendants Holland,

23   Noyce, Eubanks, Steadman and Tyree to provide further responses to Requests for Production of

24   Documents, Interrogatories and Requests for Admissions.  After receiving extensions of time,

25   Defendants opposed the motion on February 25, 2015.  Plaintiff filed his reply on March 12, 2015,

26   and the motion is suitable for decision.  Local Rule 230(l).

27

28   [1] On November 13, 2014, the Court granted summary judgment on Plaintiff's due process claim against Defendants
     Gutierrez and Holland for failure to exhaust, and granted partial summary judgment on Plaintiff's due process claim
     against Defendants Eubanks, Tyree and Medrano.  ECF No. 91, at 5.  Accordingly, Plaintiff's due process claim is no
     longer part of this action.

                                              1

I.     **ALLEGATIONS IN FIRST AMENDED COMPLAINT**

Plaintiff is currently housed at Pelican Bay State Prison.  The events at issue occurred while he was incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California.

Plaintiff alleges that Defendants Gentry, Noyce, Eubanks, Tyree and Medrano initiated a validation packet against him on the orders of Defendants Holland and Steadmon.  Plaintiff alleges that this was done in retaliation for filing appeals and lawsuits against them.

He explains that in June 2010, he was placed in Ad-Seg pending conclusion of an investigation into his gang activities.  On August 27, 2010, Defendant Noyce concluded the investigation and found insufficient evidence to validate Plaintiff as an associate of a prison gang.  On September 10, 2010, he was released back into the general population.

In December 2010, Plaintiff met with Defendant Holman in preparation for his inmate classification hearing.  Defendant Holman told Plaintiff that Defendant Holland "told me to tell you to drop your lawsuits on her or . . . else your [sic] going back to the hole permanently validated." ECF No. 15, at 6.  Plaintiff did not reply and did not drop his lawsuits.

On February 11, 2011, he was placed in Ad-Seg pending validation as an associate of the Nazi Low Rider ("NLR") prison gang.  Defendant Eubanks gave him his validation packet and Defendant Tyree signed his lock-up order.  Plaintiff alleges that upon reviewing his packet, the documents in his validation packet were the same as those used by Defendant Noyce to find insufficient evidence six months prior.

On April 11, 2011, Plaintiff alleges that Defendant Eubanks admitted that the only reason that Plaintiff was validated was because of his lawsuits and appeals.  He alleges that his placement in segregated housing has made it more difficult to conduct legal work, prosecute litigation and access the law library.

II.     **RULING ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

In granting Defendants' motion for partial summary judgment, the Court first explained that Plaintiff could not state a claim based on his belief that his validation packet was a "sham" because false charges, alone, do not support a claim under section 1983.  The Court also rejected Plaintiff's claim that Defendants Noyce's August 2010 decision was "proof" that his validation was a sham.

1    In reviewing the specific evidence used to validate him, the Court found (1) the "filter list"

2    constituted some evidence of gang validation; (2) Plaintiff's address book could be used in

3    validating him; and (3) Plaintiff was given a reasonable opportunity to be heard by the critical

4    decision-maker.

5    After finding that Defendants did not err in their use of the above evidence, the Court also

6    noted that Defendants relied on additional items to validate Plaintiff, including identification of

7    Plaintiff by another gang member, a note authored by Plaintiff, and a note indicating that Plaintiff

8    was involved in a prior assault.

9    Therefore, the Court granted summary judgment because there were no genuine issues of

10   material fact as to whether "some evidence" existed for Plaintiff's validation.  The Court also found

11   that the proper procedures were followed.

12   Based on the ruling on summary judgment, Plaintiff cannot, in his retaliation claim, question

13   the reliability of the documents used to validate him, and discovery as to that issue will not be

14   permitted.  The issue remaining is whether there were any additional documents used in the second

15   review, or some other explanation to support the different results.

16   **III.    MOTION TO COMPEL STANDARD**

17   Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

18   party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to

19   the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).

20   Relevant information need not be admissible at the trial if the discovery appears reasonably

21   calculated to lead to the discovery of admissible evidence.  *Id.* (quotation marks omitted).

22   Generally, if the responding party objects to a discovery request, the party moving to compel

23   bears the burden of demonstrating why the objections are not justified.  *E.g.*, *Grabek v. Dickinson*,

24   No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL

25   6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29,

26   2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar.

27   27, 2008).  This requires the moving party to inform the Court which discovery requests are the

28   subject of the motion to compel, and, for each disputed response, why the information sought is

3

1    relevant and why the responding party's objections are not meritorious.  *Grabek*, 2012 WL 113799,

2    at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell*, 2010 WL 3835765, at *2; *Ellis*, 2008 WL

3    860523, at *4.  However, the Court is vested with broad discretion to manage discovery and

4    notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation.  *Hunt v.*

5    *County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*,

6    406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

7    **III.**     **REQUESTS FOR PRODUCTION OF DOCUMENTS**

8         **A.**     **LEGAL STANDARD**

9         A party may serve on any other party a request within the scope of Rule 26(b) to produce and

10   permit the requesting party or its representative to inspect, copy, test, or sample the following items

11   in the responding party's possession, custody or control: any designated documents or tangible

12   things.  Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).  "Property is deemed within a party's

13   'possession, custody, or control' if the party has actual possession, custody, or control thereof or the

14   legal right to obtain the property on demand.""  *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO,

15   2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469

16   (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206,

17   at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at

18   *1 (E.D. Cal. Mar. 19, 2010).

19        In responding to discovery requests, a reasonable inquiry must be made, and if no responsive

20   documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state

21   with sufficient specificity to allow the Court to determine whether the party made a reasonable

22   inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL

23   892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  If responsive documents do exist but the responsive party

24   claims lack of possession, control, or custody, the party must so state with sufficient specificity to

25   allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2)

26   to evaluate the merit of that response.  *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC),

27   2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).  As with previously discussed forms of

28

1  discovery, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. &*

2  *Santa Fe Ry. Co.*, 408 F.3d at 1149.

3  **B.    DEFENDANT HOLLAND**

4  ***Request Number 1****:*  Plaintiff Thomas Goolsby F-19778 requests a complete copy of his C-

5  file from March 2006 up to March 2012.

6  ***Response:***[2]  Defendant did not produce any documents, arguing that the request is overbroad

7  as to time and scope, the non-confidential portion is equally available to Plaintiff, the request does

8  not relate to the retaliation claim,[3] and seeks confidential information.  Defendants provided a

9  privilege log.

10  ***Ruling:***  Plaintiff is entitled to review his C-file pursuant to institutional policy and request

11  copies of non-confidential documents.  In his motion, Plaintiff contends that he "request[ed] these

12  documents from his counselor," but the request was denied.  ECF No. 87, at 4.  Plaintiff therefore

13  argues that he does not have a method to obtain these documents.

14  However, as Defendants point out, Plaintiff's request was denied because he asked for his

15  entire C-file, which would have comprised hundreds of pages.  In his request, Plaintiff states that he

16  "just need[s] it documented that this amount of documents is not possible through" a request to his

17  counselor.  ECF No. 87, at 189.  Plaintiff cannot avoid the fact that he is entitled to review his C-file

18  by submitting an improper request.  In other words, Plaintiff cannot circumvent prison policies and

19  now demand the documents in discovery.  Plaintiff also admits that he has acquired numerous C-file

20  documents through other prior lawsuits, some of which were filed in this action.  The fact that he

21  does not have current access to the documents he already has, however, does not necessarily negate

22  his ability to review his C-file again.

23  As to confidentiality, Defendants have submitted a privilege log and declaration to support

24  their objection, arguing that the confidential documents contain names of informants, and that

25  disclosure would endanger those inmates.  Defendants also contend that redaction will not protect

26  ─────────
[2] To shorten the length of this order, the Court will summarize Defendants' objections and responses.

27  [3] Plaintiff served discovery relating to the retaliation claim prior to the opening of discovery.  On April 17, 2014, the
Court issued an order requiring Defendants to respond to the discovery.  The order did not permit Plaintiff to propound

28  any additional discovery.  Defendant therefore takes the position that the request is not related to the retaliation claim,
and is therefore excluded by the April 17, 2014, order.  As general discovery is now open, Defendants do not appear to
be relying on this objection any longer.

the inmates because facts and details could clue Plaintiff, or another inmate, into the identity of the informant. Bartelmie Decl., ¶¶ 6-7 (ECF No. 87, at 207). Although Plaintiff states that he simply wants the conclusions and assessments of the Institutional Gang Investigators ("IGI"), Defendants argue that even disclosure of conclusions and assessments will educate inmates in gang-investigation techniques and hamper future investigations.

Where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); *see also Garcia v. Clark*, 2012 WL 1232315, at *6 n.5 (E.D. Cal. 2012) (noting inmates entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); *Robinson v. Adams*, 2012 WL 912746, at *2-3 (E.D. Cal. 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); *Orr v. Hernandez*, 2012 WL 761355, at *1-2 (E.D. Cal. 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); *Womack v. Virga*, 2011 WL 6703958, at *5-6 (E.D. Cal. 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

The Court agrees that the information Plaintiff seeks is relevant to his retaliation claim, to the extent it may reveal differences between the two reviews. However, given the sensitive nature of the documents at issue, the Court will not order production at this time. Instead, the Court will order Defendants to produce the documents at issue for in camera review. Defendants must include a detailed log describing the documents and setting forth their argument as to why the documents should be withheld. Defendants must also indicate when the documents were added to Plaintiff's C-file.

Plaintiff's motion to compel is therefore GRANTED IN PART, as described above.

***Request Number 2***: Plaintiff Thomas Goolsby F-19778 requests all electronic mail sent to Defendant Holland, or sent from Defendant Holland which contains, describes, mentions or talks about Plaintiff from January 2009 through March 2012.

6

*Response:* Defendants objected to the request as overbroad, and seeking documents that are confidential and/or subject to the attorney/client privilege.  However, despite the objections, Defendants responded, "having made a diligent search, there are no all electronic mail sent to Defendant Holland, or sent from Defendant Holland, which contains, describes, mentions or talks about Plaintiff's gang validation, inmate appeals or lawsuits from January, 2009, through February 2011.  Therefore, no documents will be produced."  ECF No. 100, at 14-15.

*Ruling:*  The Court need not rule on Defendants' objections because they nonetheless provided a substantive response.  In his motion, Plaintiff does not state why he believes that (a) responsive documents exist; and (b) why Defendants are withholding them.  In his reply, Plaintiff faults Defendants for restricting their search for emails relating to Plaintiff's gang validation, inmate appeals or lawsuits.  He believes that Defendant Holland could possess an email stating that she "wanted 'to get'" Plaintiff or "retaliate" against him.  ECF No. 102, at 3.

Plaintiff admits that it is "exceptionally rare" for a CCI prison official to write an email about an inmate.  ECF No. 87, at 7.  Nonetheless, he is correct that Defendants' restricted search may, theoretically, have left discoverable information undisclosed.  As Plaintiff argues, emails suggesting a dislike for Plaintiff, or expressing a desire to retaliate against him, may be used to prove motive.  *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

Defendants also end the time period at February 2011.  While the Court agrees that March 2012 is too long of a time period, the period should go until October 2011, when Plaintiff filed this action.

Accordingly, Plaintiff's motion is GRANTED IN PART.  Defendants shall conduct a search for emails, for the time period January 2009 through October 2011, suggesting a dislike for Plaintiff, or a desire to retaliate against him, and supplement their response, within thirty (30) days.

///

///

///

///

///

7

1    ***Request Number 3:***  Plaintiff requests all CCI institutional memoranda created between

2    January 2008 and July 2011 concerning prison gang policy or actions or investigation of prison

3    gangs.

4        ***Response:*** Defendants did not produce documents, objecting to the request as overbroad and

5    vague, and seeking irrelevant information, documents equally available to Plaintiff, and confidential

6    information.

7        ***Ruling:***  Plaintiff argues, and the Court agrees, that his request is not "so vague, ambiguous

8    and unintelligible," as Plaintiff specifies the documents he seeks:  CCI memos relating to prison

9    gang policy, actions or investigations.  ECF No. 100, at 15.

10       As to relevance, Plaintiff argues that the memos are relevant to show that Defendants may

11   have deviated from their own policies.  Defendants, relying in part on the Court's ruling on summary

12   judgment, suggest that this evidence is related to Plaintiff's due process claim.  Defendants are

13   correct that Plaintiff can no longer challenge the evidence used to validate him, but he is entitled to

14   discover whether there are differences between the two reviews.  The requested memos may offer

15   proof of motive, and the Court finds that the requested information is relevant.

16       As to the scope of the request, Plaintiff argues that he limited the request to January 2008,

17   when he arrived at CCI, and July 2011, when he was validated.  However, the Court will sustain

18   Defendants' objection in part, as memos issued *after* the February 2011 submission of his gang

19   validation packet are not relevant.[4]

20       Finally, Defendants object on the basis of confidentiality, but they have not provided a

21   privilege log.  As a result, Defendants have not provided the Court with any specific information to

22   permit a balancing of interests.  The Court cannot simply accept Defendants' belief that the relevant

23   documents are confidential and should not be produced.

24       Accordingly, the Court cannot determine whether Defendants' confidentiality objection

25   should be sustained.  Plaintiff's motion is GRANTED IN PART.  Defendants must supplement their

26   responses with a privilege log that describes responsive documents with specificity and explains the

27   ──────────────
[4] In ruling on Request Number 2, the Court ended the time period at October 2011, when Plaintiff filed this action.  That request, however, sought information that could have been created after the submission of the February 2011 gang

28   validation packet.  For Request Number 3, the relevant policies would only be those applicable prior to Plaintiff's February 2011 gang validation.

concerns related to disclosure.  However, as noted above, Defendants must only include documents created between January 2008 and February 2011.

*Request Number 4:*  Plaintiff requests a complete and whole copy of all confidential memorandum used to validate Plaintiff as an associate of any prison gang.

*Response:*  Defendants did not produce documents, arguing that the request is overbroad as to time and scope, and seeks confidential information.  Defendants provided a privilege log.

*Ruling:*  In Plaintiff's motion, he clarifies that he was validated twice (NLR and AB prison gangs), and that the validations occurred a few months apart in 2011.  Given this explanation, the request is not overbroad.

Next, Plaintiff argues that the documents are not confidential for various reasons.[5]  As in Request Number 1, Defendants have submitted a privilege log and declaration to support their objection, arguing that the confidential documents contain names of informants, and that disclosure would endanger those inmates.  Defendants also contend that redaction will not protect the inmates because facts and details could clue Plaintiff, or another inmate, into the identity of the informant. Bartelmie Decl., ¶¶ 6-7 (ECF No. 87, at 207).  Although Plaintiff states that he simply wants the conclusions and assessments of the Institutional Gang Investigators ("IGI"), Defendants argue that even disclosure conclusions and assessments will educate inmates in gang-investigation techniques and hamper future investigations.

The Court has already discussed this issue in the ruling on Request Number 1, and the same analysis applies here.  Although Defendants argue that Plaintiff already has copies of the Confidential Disclosure Information Forms (CDCR 1030), the forms, by their nature, do not disclose the specific information that Plaintiff is seeking.

Plaintiff's motion is therefore GRANTED IN PART, and Defendants are ordered to produce the documents at issue for in camera review.[6]  Defendants must include a detailed log describing the documents and setting forth their argument as to why the documents should be withheld.

---

[5] To the extent that Plaintiff argues a waiver of confidentiality because Defendants cited only California law, the Court will not find such a waiver given the nature of this action.  Plaintiff is a prisoner and the Court will not subject institutional staff or other inmates to a risk of harm based solely on Defendants' failure to cite federal law.

[6] The Court questions whether documents related to Plaintiff's "AB" validation are relevant, but it will not make this determination until it reviews the documents in camera.

9

***Request Number 5:*** Plaintiff requests a copy of all confidential memorandum filed in his C-File from March 2006 through March 2012.

***Response:*** Defendants did not produce documents, arguing that the request is overbroad as to time and scope, and seeks confidential information. Defendants provided a privilege log.

***Ruling:*** This request is similar to Request Numbers 1 and 4, and the Court will not repeat its analysis here. Plaintiff's motion is GRANTED IN PART and Defendants are ordered to submit the documents for in camera review.

***Request Number 6:*** Plaintiff requests a complete and whole copy of all written material alleged by Defendant to be evidence of gang activity, such as confiscated letters, notes, documents, pictures etc.

***Response:*** Defendants did not produce documents, arguing that the request is overbroad as to time and scope, and seeks confidential information. Defendants provided a privilege log.

***Ruling***: This request is similar to Request Numbers 1 and 4, and the Court will not repeat its analysis here. Plaintiff's motion is GRANTED IN PART and Defendants are ordered to submit the documents for in camera review.

***Request Number 7:*** Plaintiff requests a copy of CCI's mission statement and housing directive in effect between January 2011 and March 2012.

***Response:*** Defendants did not produce documents, arguing that the category of documents is not described with reasonable particularity, overbroad in time and scope and irrelevant. Defendants also contend that the request seeks confidential documents.

***Ruling:*** In his motion, Plaintiff argues that he is seeking two documents- CCI's mission statement and housing directive- in effect during a fourteen month period.

While the request may not be overbroad, the Court finds that the documents are not relevant. Plaintiff argues that in January 2011, when he was housed on CCI's 4A General Population Yard, CCI announced a plan to convert the yard to a SHU. All inmates were to be transferred to other Level 4 prisons. Plaintiff states that he was put up for transfer to High Desert State Prison, and he believes that this is what triggered the timing of the retaliatory validation. He contends that this goes to motive, and argues that "if Defendants didn't act immediately they would lose their opportunity to

retaliate."  ECF No. 87, at 24.

The Court disagrees.  Plaintiff alleges that he left CCI in March 2012, over a year after the announcement of changes to the 4A Yard.  However, even if Plaintiff was put up for immediate transfer, the connection between his eventual transfer and Defendants' alleged retaliation is tenuous, at best.  In other words, even assuming Defendants retaliated against him at that time, *when* he was retaliated against does not relate to *why* he was retaliated against.

Accordingly, Plaintiff's motion to compel is DENIED.

**_Request Number 8_**: Plaintiff requests all documents that list and describe Defendant Holland's job duties and responsibilities as Warden of CCI.

**_Response:_**  Defendants did not produce documents, arguing that the request is overbroad as to time and scope, and seeks confidential information.  Defendants provided a privilege log.

**_Ruling:_**  Setting aside whether the request is overbroad or seeks confidential information, the documents are not relevant.  Plaintiff argues that the documents are extremely relevant because they will show what "duty of care" Defendant Holland owed to Plaintiff.  ECF No. 87, at 26.  Plaintiff also argues that when her job duties are compared to her actions, it will provide evidence of retaliation.

Plaintiff alleges that Defendant Holland ordered the retaliatory gang validation.  Whatever "duty of care" she owed is not an issue.  As to Plaintiff's comparison argument, Plaintiff does not need her job description to demonstrate that such actions would not be included in her job duties.  It's common sense that a Warden's job duties would not include retaliation.

The requested documents are not relevant to Plaintiff's retaliation claim and his motion to compel is DENIED.

**_Request Number 9:_**   Plaintiff requests a copy of all incident reports and rules violation reports that Defendant believes evidences gang activities by Plaintiff.

**_Response_**:  Defendants did not produce documents, arguing that the request is overbroad as to time and scope, and that the documents are not described with reasonable particularity.  Defendants also object because the request seeks confidential information, and because the documents are equally available to Plaintiff.

11

1   **Ruling:**  The Court rejects Defendants' objections that the request is overbroad and/or fails to

2   describe the documents with reasonable particularity.

3   As to relevancy, Plaintiff argues that he needs the information to "discover what evidence

4   Defendants are relying on" for his validation so he can attack it and show its unreliability.  ECF No.

5   87, at 28.  However, as Defendants point out, Plaintiff was not validated on the basis of any incident

6   reports or rules violation reports.  Moreover, Plaintiff is precluded from attacking the reliability of

7   the documents used to validate him- his claim is now narrowed to comparing the two reviews.

8   Accordingly, Plaintiff's motion to compel is DENIED.

9   **_Request Number 10:_**  Plaintiff requests a copy of all log book entries concerning him, by any

10   log book at CCI, from January 2010 through March 2012.

11   **Response:**  Defendants did not produce documents, arguing that the request is compound,

12   overbroad as to time and scope, and vague.  Defendants also contend that the request is not relevant

13   and seeks disclosure of confidential information.

14   **Ruling:**  As to relevancy, Plaintiff contends that he needs the log entries because certain

15   Defendants deny that some conversations took place.  He believes that if he can show that he was at

16   the location at the time of the conversation, it would support his claims.  The Court therefore finds

17   the entries relevant, but not all entries for the time period requested.  Given that Plaintiff needs the

18   log entries to support his claims of specific conversations, only log entries for those specific periods

19   are relevant.

20   Defendants also contend that Plaintiff has access to the log books, though they did not object

21   on this basis in their response.  To support their claim, they cite a CDCR 114-A1 and CDCR 114-A

22   attached to Plaintiff's motion to compel.  Plaintiff argues, however, that he received these documents

23   through discovery in another action, and that they do not pertain to the relevant time period.  Indeed,

24   it is the Court's understanding that inmates do not generally have access to log books.

25   Accordingly, the Court GRANTS Plaintiff's motion IN PART.  Plaintiff SHALL provide

26   Defendants with specific dates on which the conversations at issue occurred within ten (10) days of

27   the date of service of this order, and Defendants SHALL provide a supplemental response to the

28   request, as narrowed, within thirty (30) days.

**_Request Number 11:_**  Plaintiff requests a copy of all 114-A's Ad-Seg Records created under his name and CDC #F19778 between January 2010 and March 2012, this includes 114-A, 114-A1, sign in logs, roster logs, all documents contained in Plaintiff's segregation file and stored.

**_Response:_**  Defendants did not produce documents, arguing that the request is overbroad as to time and scope, vague and seeks documents equally available to Plaintiff.  Defendants also contend that the request is not relevant and seeks disclosure of confidential information.

**_Ruling:_**  Similar to the log books requested in Number 10, Plaintiff contends that he needs the requested documents to corroborate his statements and identify key witnesses.  The Court's findings as to Number 10 apply equally here.  The Court does not find the request vague.

Plaintiff's motion is therefore GRANTED IN PART.  Plaintiff SHALL provide Defendants with specific dates on which the conversations at issue occurred within ten (10) days of the date of service of this order, and Defendants SHALL provide a supplemental response to the request, as narrowed, within thirty (30) days.

**_Request Number 12:_**  Plaintiff requests a copy of all CDC Form 119 and all other mail room records that contain Plaintiffs name and or CDC # at CCI from January 2008 through March 2012.

**_Response_**:  Defendants did not produce documents, arguing that the request is overbroad as to time and scope, and vague.  Defendants also contend that the request is not relevant and seeks disclosure of confidential information.

**_Ruling:_**  In their opposition, Defendants indicate that even though the request seeks irrelevant information, they will comply by providing Plaintiff's (1) incoming legal mail log from April 1, 2008, through March 27, 2012; and (2) outgoing legal mail log from February 25, 2008, through March 26, 2012.

This response appears to be sufficient.  In his motion to supplement his reply, Plaintiff states that he has received the mail logs.

**_Request Number 13_**:  Plaintiff requests a copy of all audio recordings made of Plaintiff, or mentioning Plaintiff at CCI, between January 2008 and March 2012.

**_Response:_**  Defendants did not produce documents, arguing that the request is overbroad as to time and scope and vague.  Defendants also contend that the request is not relevant.

***Ruling:***  Plaintiff argues that he needs these audio recordings because he thinks that Defendants, through the use of audio recordings, learned that Plaintiff was not an associate of the NLR.  He also believes that Defendant Noyce relied on this type of evidence in finding insufficient evidence to validate him in August 2010.

Again, as noted above, Plaintiff is precluded from challenging the sufficiency of the evidence used to validate him, and he is only entitled to discover whether there were any differences of evidence between the two reviews, or whether there was some other reason behind the different outcome.  Therefore, evidence that suggests that he is *not* a gang member may be relevant to motive.  However, such evidence would only include recordings of other inmates, as recordings of Plaintiff's own interviews would be self-serving hearsay.  Plaintiff may file a declaration or testify about the details of his own interviews.

Having narrowed the request to interviews involving other inmates, the Court also finds that the request should be narrowed as to time frame because only the time between the two reviews would be relevant in this instance.

In their opposition, Defendants contend that disclosure of inmate informant interviews may endanger the lives of the informants and compromise gang investigations.  Defendants did not provide a privilege log and therefore do not provide the Court with any specific information to permit a balancing of interests.  The Court cannot simply accept Defendants' belief that the relevant documents are confidential and should not be produced.

Accordingly, the Court cannot determine whether Defendants' confidentiality objection should be sustained.  Plaintiff's motion is GRANTED IN PART.  Defendants must supplement their responses with a privilege log that describes responsive documents with specificity and explains the concerns related to disclosure.  However, as noted above, Defendants must only include audio recordings of other inmates taken between August 2010 and February 2011.

***Request Number 14***:  Plaintiff requests a copy of all video recordings made of Plaintiff, or mentioning Plaintiff at CCI between January 2008 and March 2012.

***Response:***  Defendants did not produce documents, arguing that the request is overbroad as to time and scope and vague.  Defendants also contend that the request is not relevant.

**Ruling:**  The Court makes the same findings as in Request Number 13.  Plaintiff's motion is GRANTED IN PART.  Defendants must supplement their responses with a privilege log that describes responsive documents with specificity and explains the concerns related to disclosure. However, as noted above, Defendants must only include video recordings of other inmates taken between August 2010 and February 2011.

**_Request Number 16_:**  Plaintiff requests a copy of all of CCI's Operational Procedures in effect between January 2008 and March 2012, including a master list of all operational procedures index.

**Response:**  Defendants did not produce documents, arguing that the request is overbroad as to time and scope, vague and irrelevant.  Defendants also object because the documents are equally available to Plaintiff, and because the request seeks disclosure of confidential and/or privileged information.

**Ruling:**  Plaintiff argues, and the Court agrees, that his request is not vague, as it specifically seeks CCI's Operational Procedures.

As to relevance, Plaintiff argues that the Operations Procedures are relevant to show that Defendants may have deviated from their own procedures in validating Plaintiff.  Defendants, relying in part on the Court's ruling on summary judgment, suggest that this evidence is related to Plaintiff's due process claim.  Defendants are correct that Plaintiff can no longer challenge the evidence used to validate him, but he is entitled to discover whether there are differences between the two reviews.  The requested Operational Procedures may offer proof of motive, and the Court finds that the requested information is relevant.

As to the scope of the request, Plaintiff argues that he limited the request to the time he was incarcerated at CCI- January 2008 to March 2012.  However, the Court will sustain Defendants' objection in part, as Operational Procedures in effect after the February 2011 submission of his gang validation packet are not relevant.  The Court also limits the request to Operational Procedures related to gang validation.

To the extent that Defendants argue that Plaintiff has access to CCI's Operational Procedures, the Court notes that he is no longer housed at CCI.  Defendants also state that Plaintiff

15

has access to Title 15 of the Code of California Regulations and the Department Operation Manual, but this request does not seek those documents.

Finally, Defendants object on the basis of confidentiality and privilege, but they have not provided a privilege log. As a result, Defendants have not provided the Court with any specific information to permit a balancing of interests. The Court cannot simply accept Defendants' belief that the relevant documents are confidential and should not be produced.

Accordingly, the Court cannot determine whether Defendants' confidentiality/privilege objection should be sustained. Plaintiff's motion is GRANTED IN PART. Defendants must supplement their responses with a privilege log that describes responsive documents with specificity and explains the concerns related to disclosure. However, as noted above, Defendants must only include documents relevant to gang validation and in effect between January 2008 and February 2011.

**_Request Number 17_:** Plaintiff requests a copy of all policies, manuals, guides, texts, documents, electronic documents, concerning the investigating identifying and suppression of prison gangs or security threat groups by prison officials operative between January 2008 and March 2012 at CCI.

**_Response:_** Defendants did not produce documents, arguing that the request is overbroad as to time and scope, vague and irrelevant. Defendants also object because the documents are equally available to Plaintiff, and because the request seeks disclosure of confidential and/or privileged information.

**_Ruling:_** Plaintiff contends that he crafted this request as specifically as he could, because he does not know the official names of the documents he seeks. Given, however, that Plaintiff propounded specific requests for CCI gang policy memorandums (Request Number 3 ) and Operational Procedures (Request Number 16), this requests appears to be aimed at documents, if any exist, that do not fall into the above categories.

As to the remaining issues, the Court's analysis is the same as in Request Number 16. Plaintiff's motion is GRANTED IN PART. Defendants must supplement their responses with a privilege log that describes responsive documents with specificity and explains the concerns related

to disclosure.   However, as noted above, Defendants must only include documents in effect between January 2008 and February 2011.

**_Request Number 18:_**  Plaintiff requests a copy of all classification manuals, policies, guides, regulations, texts, documents, electronic documents concerning the classification of inmates in operation between January 2008 through March 2012.

**_Response:_**  Defendants did not produce documents, arguing that the request is overbroad as to time and scope, vague and irrelevant.  Defendants also object because the documents are equally available to Plaintiff, and because the request seeks disclosure of confidential and/or privileged information.

**_Ruling:_**  Plaintiff contends that validation and segregation documents are both classification actions, making them relevant to his claims.  Defendants argue, and the Court agrees, that classification issues are not relevant to Plaintiff's retaliation claim.  Accordingly, his motion is DENIED.

**_Request Number 20:_**  Plaintiff requests a copy of all policies, memos, texts, documents, electronic documents, that concern Plaintiff and Plaintiff's litigation against prison officials, between September 2009 and March 2012.

**_Response:_**  Defendants did not produce documents, arguing that the request is overbroad as to time and scope, compound, vague and irrelevant.  Defendants also cite the attorney/client privilege.

**_Ruling:_**  The Court agrees that documents discussing Plaintiff's litigation may be relevant to his retaliation claim, but it sustains Defendants' objection based on scope.  As these requests are directed to Defendant Holland, the Court will narrow the requests to documents _to and from_ Defendant Holland.  The Court will also narrow the time-frame to September 2009 (when he filed his first lawsuit against prison officials) through October 2011 (when he filed this action).

Despite the relevancy of documents, documents may fall into attorney-client communications, and would be privileged as such.

Plaintiff's motion is GRANTED IN PART.  Defendants must supplement their responses with a privilege log that describes responsive documents with specificity and explains the concerns

17

related to disclosure.   However, as noted above, Defendants must only include documents to and from Defendant Holland between September 2009 and October 2011.

C.     **DEFENDANT NOYCE**

**_Request Number 2:_**  Plaintiff requests a copy of all policies, manuals, texts, memorandum, booklets, documents and electronic documents used to aid and guide Defendant in the execution of his duties to identify and validate prison gang members and associates.

**_Response:_**  Defendant did not produce documents, arguing that the request is overbroad as to time and scope, vague and irrelevant.  Defendant also objects because the documents are equally available to Plaintiff, and because the request seeks disclosure of confidential and/or privileged information.

**_Ruling:_**  The parties repeat the arguments made in Request Number 17 to Defendant Holland.  Plaintiff contends that he crafted this request as specifically as he could, because he does not know the official names of the documents he seeks.  Given, however, that Plaintiff propounded specific requests for CCI gang policy memorandums (Request Number 3 ) and Operational Procedures (Request Number 16), this requests appears to be aimed at documents, if any exist, that do not fall into the above categories.

As to the remaining issues, the Court's analysis is the same as in Request Number 16. Plaintiff's motion is GRANTED IN PART.  Defendant must supplement his response with a privilege log that describes responsive documents with specificity and explains the concerns related to disclosure.   However, as noted above, Defendant must only include documents in effect between January 2008 and February 2011.

**_Request Number 5:_**  Plaintiff requests all written material in Defendant's possession that he believes evidences gang activity by Plaintiff between January 2008 through March 2012.

**_Response:_**  Defendant did not produce documents, arguing that the request is overbroad as to time and scope, vague and irrelevant.  Defendant also objects because the request seeks disclosure of confidential information.  He provided a privilege log.

**_Ruling:_**  This request is similar to Request Numbers 1 and 4 to Defendant Holland, and the Court will not repeat its analysis here.  Plaintiff's motion is GRANTED IN PART and Defendant is

18

ordered to submit the documents for in camera review.  The Court will limit the time frame to

January 2008 to October 2011, the date Plaintiff filed this action.

***Request Number 6:***  Plaintiff requests a copy of all audio recordings made of Plaintiff, or

mentioning Plaintiff at CCI between January 2008 and March 2012.

***Response:***  Defendant did not produce documents, arguing that the request is overbroad as to

time and scope, vague and irrelevant.

***Ruling:***  The Court has addressed this issue in ruling on Request Number 13 to Defendant

Holland.  The same analysis applies here.  Plaintiff's motion is GRANTED IN PART.  Defendant

must supplement his response with a privilege log that describes responsive documents with

specificity and explains the concerns related to disclosure.  However, as noted above, Defendant

must only include audio recordings of other inmates taken between August 2010 and February 2011

***Request Number 7:***  Plaintiff requests a copy of all video recordings made of Plaintiff, or

mentioning Plaintiff at CCI between January 2002 and March 2012.

***Response:***  Defendant did not produce documents, arguing that the request is overbroad as to

time and scope, vague and irrelevant.

***Ruling:***  The Court has addressed this issue in ruling on Request Number 14 to Defendant

Holland.  The same analysis applies here  Plaintiff's motion is GRANTED IN PART.  Defendant

must supplement his response with a privilege log that describes responsive documents with

specificity and explains the concerns related to disclosure.  However, as noted above, Defendant

must only include video recordings of other inmates taken between August 2010 and February 2011.

***Request Number 8:***  Plaintiff requests a copy of all electronic mail (e-mail) sent to or from

Defendant that concerns Plaintiff or mentions Plaintiff between January 2008 through March 2012.

***Response:*** Defendant objected to the request as overbroad, and seeking documents that are

confidential and/or subject to the attorney/client privilege.  However, despite the objections,

Defendant responded, "(1) he does not recall any emails concerning Plaintiff from January 2008

through March 2012; (2) he has made a diligent search and found no hard copies of emails

concerning Plaintiff from January 2008 through March 2012; (3) due to volume, his emails are not

1   stored or archived for more than 90 days after they are sent; and (4) he no longer has access to the

2   same computer that he had from January 2008 through March 2012." ECF No. 100, at 57.

3       **Ruling:**  The Court need not rule on Defendant's objections because he nonetheless provided

4   a substantive response.  Plaintiff does not provide any reason why he believes that responsive

5   documents *do* exist.  "Mere distrust and suspicion regarding discovery responses do not form a

6   legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is

7   entitled neither to continue demanding additional and/or different evidence in support of discovery

8   responses already provided nor to expand the scope of discovery beyond that sought in the initial

9   discovery request." *Scott v. Palmer*, 2014 WL 6685810, * 3 (E.D.Cal. 2014); Fed.R.Civ.P. 26(g)(1),

10   33; *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D.Cal. 2013); *L.H. v. Schwarzenegger*, 2007 WL

11   2781132, at *2 (E.D.Cal. 20077.

12       Plaintiff also expresses disbelief as to Defendant's claim that emails are not kept for more

13   than 90 days.  In his motion to supplement his opposition, he provides a Department of Operations

14   Manual section indicating that CDCR is required to keep emails for three years.  However, even if

15   there are no exceptions to this retention policy, Defendant has nonetheless provided a substantive

16   response.  The Court cannot compel a party to produce documents that do not exist.

17       Plaintiff's motion is therefore DENIED.

18       **_Request Number 14:_**  Plaintiff requests a copy of any and all documents that relate to any

19   evaluation of the reliability of each piece of confidential information used to determine the gang

20   identification of Plaintiff between January 2008 and March 2012.

21       **Response:**  Defendant did not produce documents, objecting to the request as overbroad and

22   vague.  Defendant also objected on the basis of relevancy and confidentiality.

23       **Ruling:**  Plaintiff explains that this request is "strictly limited to those documents that 'relate

24   to any evaluation of the reliability" of evidence used to validate him.  ECF No. 87, at 58.  However,

25   Plaintiff is precluded from questioning reliability based on the Court's findings on summary

26   judgment.  As this request seeks documents solely relating to reliability, his motion is DENIED.

27

28

1    ***Request Number 15:***  Plaintiff requests a copy of any and all documents that pertain to the

2    basis of the decision to place him in segregated housing, including but not limited to any document

3    reviewed or created by any institutional gang coordinator, unit classification committee, and/or

4    institutional classification committee between January 2008 and March 2012.

5         ***Response:***  Defendant did not produce documents, objecting to the request as overbroad and

6    vague.  Defendant also objected on the basis of relevancy and confidentiality.

7         ***Ruling:***  Plaintiff argues that documents relating to his segregation are relevant to his

8    retaliation claim.  The Court disagrees.  The fact that Plaintiff was placed in segregated housing

9    pending his validation does not relate to any element of his retaliation claim.  Moreover, as

10   Defendant points out, the documents supporting his segregation are the same as those that supported

11   his validation.  Plaintiff's motion is DENIED.

12        **D.    DEFENDANT STEADMAN**

13        ***Request Number 1:***  Plaintiff requests a copy of all electronic mail sent to or from Defendant

14   concerning Plaintiff or mentioning Plaintiff between January 2008 through March 2012.

15        ***Response:***  Defendant objected to the request as overbroad, and seeking documents that are

16   confidential and/or subject to the attorney/client privilege.  However, despite the objections,

17   Defendant responded, "(1) he does not recall any emails concerning Plaintiff from January 2009

18   through March 2012; (2) he has made a diligent search and found no hard copies of emails

19   concerning Plaintiff from January 2009 through March 2012; (3) due to volume, his emails are not

20   stored or archived for more than 90 days after they are sent; and (4) he no longer has access to the

21   same computer that he had from January 2009 through March 2012."  ECF No. 100, at 68.

22        ***Ruling:***  The Court need not rule on Defendant's objections because Defendant nonetheless

23   provided a substantive response.  Plaintiff does not provide any reason why he believes that

24   responsive documents *do* exist.  "Mere distrust and suspicion regarding discovery responses do not

25   form a legitimate basis to further challenge responses which are facially legally sufficient; and

26   Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of

27   discovery responses already provided nor to expand the scope of discovery beyond that sought in the

28   initial discovery request."  *Scott v. Palmer*, 2014 WL 6685810, * 3 (E.D.Cal. 2014); Fed.R.Civ.P.

1  26(g)(1), 33; *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D.Cal. 2013); *L.H. v. Schwarzenegger*, 2007
2  WL 2781132, at *2 (E.D.Cal. 20077.

3        Plaintiff also expresses disbelief as to Defendant's claim that emails are not kept for more
4  than 90 days.  In his motion to supplement his opposition, he provides a Department of Operations
5  Manual section indicating that CDCR is required to keep emails for three years.  However, even if
6  there are no exceptions to this retention policy, Defendant has nonetheless provided a substantive
7  response.  The Court cannot compel a party to produce documents that do not exist.

8        Plaintiff's motion is therefore DENIED.[7]

9        **E.    DEFENDANT EUBANKS**

10       ***Request Number 1***:  Plaintiff requests a copy of all electronic mail sent to or from Defendant
11  concerning Plaintiff or mentioning Plaintiff between January 2008 through March 2012.

12       ***Response:***  Defendant objected to the request as overbroad, and seeking documents that are
13  confidential and/or subject to various privileges.  Defendant also argued that the request was not
14  relevant.  However, despite the objections, Defendant responded, "(1) he does not recall any emails
15  concerning Plaintiff from January 2009 through March 2012; (2) he has made a diligent search and
16  found no hard copies of emails concerning Plaintiff from January 2009 through March 2012; (3) due
17  to volume, his emails are not stored or archived for more than 90 days after they are sent; and (4) he
18  no longer has access to the same computer that he had from January 2009 through March 2012."
19  ECF No. 100, at 70.

20       ***Ruling:***  The Court's analysis is the same as the analysis for Request Number 1 to Defendant
21  Steadman, and the Court will not repeat it here.  Plaintiff's motion is therefore DENIED.[8]

22       ***Request Number 2:***  Plaintiff requests a copy of all confidential memorandum authored by
23  Defendant that mentions Plaintiff between January 2008 through March 2012.

24       ***Response:***  Defendant did not produce documents and objected to the request as overbroad
25  and failing to adequately describe the requested documents.  Defendant also objected on the basis of

26
27
28
---
[7]  Plaintiff points out that Defendant used January 2009 rather than January 2008.  If this is not a typographical error, Defendant shall provide a supplemental response within thirty (30) days of the date of service of this order.
[8] Plaintiff points out that Defendant used January 2009 rather than January 2008.  If this is not a typographical error, Defendant shall provide a supplemental response within thirty (30) days of the date of service of this order.

confidentiality, and because Plaintiff had equal access to documents that were in his C-file. Defendant provided a privilege log.

**Ruling:**  Plaintiff argues that he specified the documents he seeks- confidential memoranda authored by Defendant Eubanks between January 2008 and March 2012 that mentions him.  Indeed, Defendant provided a privilege log and listed numerous Confidential Memoranda on their privilege log.  Therefore, the Court finds that the request adequately describes the requested documents.

To the extent that Defendant argues that these documents are available in Plaintiff's C-file, the documents are confidential and would not likely be available to Plaintiff for review.

As to relevancy, Plaintiff argues that the documents will reveal the information Defendant Eubanks had about Plaintiff's gang affiliation prior to submitting the gang validation packet. Plaintiff believes that Defendant Eubanks received information that Plaintiff was a TCF Skinhead, rather than an NLR associate, but that he ignored this evidence and distorted other evidence to fit an NLR validation.  Plaintiff believes that Defendant Eubanks did so to carry out Defendant Holland's orders to retaliate.  Plaintiff is entitled to discover whether there were differences in the two evidentiary reviews, and this information may be relevant.

As to confidentiality, Defendants have submitted a privilege log and declaration to support their objection, arguing that the confidential documents contain names of informants, and that disclosure would endanger those inmates.  Defendants also contend that redaction will not protect the inmates because facts and details could clue Plaintiff, or another inmate, into the identity of the informant.  Bartelmie Decl., ¶¶ 6-7 (ECF No. 87, at 207).

Given the sensitive nature of the documents at issue, the Court will not order production at this time.  Instead, the Court will order Defendant to produce the documents at issue for in camera review.  Defendant must include a detailed log describing the documents and setting forth his argument as to why the documents should be withheld.

Plaintiff's motion to compel is therefore GRANTED IN PART, as described above.

///

///

///

1    ***Request Number 3:***  Plaintiff requests a copy of all documents that Defendant has that he

2    believes evidences gang activity by Plaintiff.

3        ***Response:***  Defendant did not produce documents, arguing that the request is overbroad as to

4    time and scope, vague and irrelevant.  Defendant also objects because the request seeks disclosure of

5    confidential information.  He provided a privilege log.

6        ***Ruling:***  This request is similar to Request Numbers 1 and 4 to Defendant Holland, and the

7    Court will not repeat its analysis here.  Plaintiff's motion is GRANTED IN PART and Defendant is

8    ordered to submit the documents for in camera review.  The Court will limit the time frame to

9    January 2008 to October 2011, the date Plaintiff filed this action.

10       ***Request Number 4***:  Plaintiff requests a copy of all documents Defendant examined in the

11   course of his investigation into Plaintiff's gang activity between January 2010 and March 2012.

12       ***Response:***  Defendant did not produce documents, arguing that the request is overbroad as to

13   time and scope, vague and irrelevant.  Defendant also objects because the request seeks disclosure of

14   confidential information.  He provided a privilege log.

15       ***Ruling:***  Plaintiff argues, and the Court agrees, that his request is not vague.  Defendants

16   were able to identify responsive documents and list them in a privilege log.

17        As to relevance, Plaintiff argues the documents will support a conclusion that Plaintiff was

18   not an NLR gang member.  Defendants are correct, however, that Plaintiff can no longer challenge

19   the evidence used to validate him, and therefore cannot argue the evidence was insufficient.  Plaintiff

20   is entitled to discover whether there are differences between the two reviews, and the requested

21   documents may be relevant in that context.

22        As to the scope of the request, Plaintiff argues that he limited the request to January 2010 and

23   March 2012, the time frame of Defendant Eubanks' investigation.  The Court will sustain

24   Defendant's objection in part, as evidence reviewed after the February 2011 submission of his gang

25   validation packet are not relevant.

26        However, given the sensitive nature of the documents at issue, the Court will not order

27   production at this time.  Instead, the Court will order Defendant to produce the documents at issue

28   for in camera review.  Defendant must include a detailed log describing the documents and setting

forth his argument as to why the documents should be withheld.  Defendant need only include documents reviewed between January 2010 and February 2011.

Plaintiff's motion to compel is therefore GRANTED IN PART, as described above.

**_Request Number 5:_**  Plaintiff requests a copy of all documents Defendant reviewed when investigating Plaintiffs rebuttal claims from February 2011 to August 2011.

*Response:*  Defendant did not produce documents, arguing that the request is overbroad and unrelated to his retaliation claim.  Defendant also argues that responsive documents are confidential, and that Plaintiff's written rebuttal, reviewed by Defendant, is available to Plaintiff in his C-file.

*Ruling:*  Plaintiff argues that the requested documents are relevant because Defendant Eubanks willfully refused to review Plaintiff's rebuttal because, regardless of what it said, he was under orders from Defendant Holland to validate Plaintiff.  Plaintiff therefore believes that the documents will show that Defendant Eubanks' conclusion is "illogical and deviated significantly" from CDCR guidelines.

As has been discussed throughout this order, Plaintiff is precluded from challenging the sufficiency of the evidence used to validate him, and he is only entitled to discover whether there were any differences of evidence between the two reviews, or whether there was some other reason behind the different outcome.  In granting the motion for summary judgment, the Court found that Plaintiff was given a meaningful opportunity to be heard by the critical decision-maker, and he is precluded from challenging this now.

Therefore, Defendant Eubank's review of Plaintiff's rebuttal *after* the submission of his gang validation package is not relevant to determining the differences between the two reviews. Accordingly, Plaintiff's motion is DENIED.

**_Request Number 7:_**  Plaintiff requests all documents reviewed by Defendant in his investigation as to the reliability of the filter list, confidential memo dated 1/26/10 authored by C.A. Eubanks.

*Response:*  Defendant did not produce documents, arguing that the request was not related to Plaintiff's retaliation claim and sought confidential documents.

25

***Ruling:*** Plaintiff argues that the documents are relevant to show that Defendant's conclusion in the January 26, 2010, memorandum is "illogical and lacks reliability." ECF No. 87, at 77. Plaintiff contends that this is why Defendant Noyce found the memo unreliable in August 2010.

Again, Plaintiff cannot challenge the reliability of the evidence used to validate him. He can, however, discover any differences between the two evidentiary reviews. The requested documents may reveal what led to a different conclusion in February 2011, and are relevant for this purpose only.

Defendant did not provide a privilege log for responsive documents and the Court cannot rule on his confidentiality objection. Accordingly, Plaintiff's motion is GRANTED IN PART. Defendant must supplement his response with a privilege log that describes responsive documents with specificity and explains the concerns related to disclosure.

## IV.   RESPONSES TO INTERROGATORIES

### A.   LEGAL STANDARD

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

///

///

### B.      **DEFENDANT HOLLAND**

***Interrogatory Number 1:***  Between January 2008 and March 2012 which lawsuits were you aware of that inmate Goolsby F-19778 filed.  State the same for Goolsby inmate appeals.

**Response:**  Defendant objected because the interrogatory contained two subparts and was overbroad as to time and scope.  Defendant also objected because any knowledge of lawsuits and appeals after February 11, 2011, the date which Plaintiff alleges that his retaliatory gang validation was issued, is not relevant.  Without waiving the objections, Defendant answered both subparts as follows:

> *Subpart A*:  Responding Party does not keep track of inmate lawsuits, and was not aware of Plaintiff's litigation history prior to February 11, 2011. Responding Party was served with the complaint in *Goolsby v. Cates*, No. 1500 CV 270062 SPC, Superior Court of California, County of Kern, in September or October, 2010, and would have been aware of that lawsuit at that time.

> *Subpart B*:  Responding Party does not keep track of inmate appeals, and was not aware of Plaintiff's inmate appeal history. Before February 11, 2011, Responding Party performed Second-Level review of the following inmate appeals submitted by Plaintiff:  Log No CCI-0-09-01674, Log No. CCI-0-09-01255, Log No. CCI-0-09-01290, Log No. CCI-0-09-01722, Log No. CCI-0-09-00814, Log No. CCI-0-09-01193, Log No. CCI-0-10-00909, Log No. CCI-0-1 0-00698.  Responding party would have been aware of these appeals at the time she reviewed them.

**Ruling:**  Plaintiff concedes in his motion that the time frame is overbroad and agrees to limit the time period to January 2008 through February 2011.

Turning to Defendant's substantive response, Plaintiff argues that the response is contradictory, i.e., Defendant states that she was not aware of Plaintiff's litigation history before February 11, 2011, but then states that she was served with a complaint in September or October 2010.  As to the appeals, Plaintiff argues that Defendant contradicted herself again when she says that she did not know of Plaintiff's appeal history , but then cites appeals that were reviewed prior to February 11, 2011.

1       Defendant believes that the response is not contradictory, explaining that Wardens are named

2  in hundreds of lawsuits and inmate appeals.  "Being aware of Goolsby's litigation or appeals would

3  require Holland to keep track of his lawsuit and appeals," and since she did not so do, she was not

4  aware of his history.  ECF No. 100, at 96.

5       Accordingly, Plaintiff's motion is DENIED.

6       ***Interrogatory Number 2:***  Between January 2008 and March 2012 please list all persons you

7  discussed inmate Goolsby F-1977 with and give a synopsis of these communications?

8       Response:  Defendant objects to the interrogatory as compound and overbroad and contends

9  that the time period after February 11, 2011, is not relevant to any claims or defenses.  Defendant

10  also objects on the basis of the attorney/client privilege.  Defendant nonetheless provided the

11  following substantive response:  "Responding party does not specifically recall any discussions with

12  any Defendants in this action regarding Plaintiff during the stated time period and after a diligent

13  search, has found no documents evidencing such communications."  ECF No. 100, at 96-97.

14       ***Ruling:***  Plaintiff objects to Defendant's narrowing of the interrogatory to conversations with

15  the named Defendants, rather than the requested "all persons."  Given Plaintiff's claims, the Court

16  agrees that the request should be limited to Defendants.

17       Finally, Plaintiff argues that he is seeking attorney/client privileged information, but only

18  from Defendant's former counsel.  However, the attorney/client privilege is not limited to current

19  counsel, and includes Defendant's conversations with her former attorney.

20       For these reasons, Defendant's response is sufficient and Plaintiff's motion is DENIED.

21       ***Interrogatory Number 4:***   Did you at any time, for any reason cause Plaintiff Thomas

22  Goolsby to be moved, either within CCI or to another institution and state your reasons and evidence

23  relied on for each move.

24       ***Response:***  Defendant did not provide a response, and instead objected to the interrogatory as

25  compound and overbroad.  Defendant also argues that the time period after February 11, 2011, and

26  Plaintiff's transfers to another institution, are not relevant to any claims or defenses.

27       ***Ruling:*** Plaintiff argues that the request is relevant because it seeks separate instances of

28  retaliation that Defendant Holland took against him, both in moves within CCI and to other

institutions.  However, the claims in this action do not assert retaliatory cell-move or retaliatory transfer.[9]  The request is not relevant.

To the extent that Plaintiff believes that evidence of other retaliation is admissible as "separate bad acts," Federal Rule of Evidence 404 prohibits the use of prior acts to show that a defendant acted in accordance therewith on a particular occasion.  Plaintiff's motion is DENIED.

***Interrogatory Number  5:***  What was your reason and evidence relied on to approve inmate Goolsby F-19778 for transfer to PBSP?

***Response:***  Defendant did not provide a response, and instead objected to the interrogatory as compound and overbroad.  Defendant also argues that the time period after February 11, 2011, and Plaintiff's transfers to another institution, are not relevant to any claims or defenses.

***Ruling:***  The same ruling as that in Request Number 4 applies here.  The information is not relevant and Plaintiff's motion is DENIED.

***Interrogatory Number 6:***  When reviewing inmate Goolsby's Central File, during his classification hearings did you review his whole file or partial file and if partial which documents?

***Response:***  Defendant objected to the interrogatory as compound, overbroad and not likely to lead to the discovery of relevant evidence.  Defendant also argues that Plaintiff's classification hearings are not relevant to any claims or defenses.  Without waiving these objections, Defendant responded, "Responding Party cannot answer the question without knowing which classification hearing Plaintiff is referring to and in what capacity (chairman or committee member) Responding Party was attending the hearing."  ECF No. 100, at 99.

***Ruling:***  Plaintiff has agreed to limit the request to classification hearings prior to February 11, 2011.

As to relevancy, Plaintiff contends that he seeks to establish that Defendant Holland read his C-File on numerous occasions and was aware of the information it contained.  Defendant argues that his classification hearings are not relevant, particularly those after February 11, 2011, and before October 2010, when she was served with his complaint in another action.

The Court agrees that the information is relevant insofar as it may demonstrate Defendant's

---

[9] Plaintiff alleges a retaliatory transfer claim against Defendant Holland in *Goolsby v. Holland*, et al., 1:13-cv-01100 BAM (E.D. Cal.).

knowledge of the contents of his C-File.  The Court will sustain Defendant's objection as to scope, and limit the time frame for classification hearings between October 2010 and February 2011.

Plaintiff's motion is GRANTED.  Defendant shall provide a response to the interrogatory, as narrowed, within thirty (30) days of the date of service of this order.

***Interrogatory Number 7:*** How would you describe inmate Goolsby F-19778 legal activity at CCI between January 2008 and March 2012?

***Response:***  Defendant objected to the interrogatory as overbroad, vague and not likely to lead to the discovery of relevant evidence.  Defendant also argues that the interrogatory is argumentative and calls for speculation.  Without waiving these objections, Defendant responded, "Responding Party is not familiar with Plaintiff's legal activity other than being served with the complaint in *Goolsby v. Cates*, No. 1500 CV 270062 SPC, Superior Court of California, County of Kern, in October 2010, and would have been aware of that lawsuit at that time."  ECF No. 100, at 100.

***Ruling:***  Plaintiff agrees to narrow the time frame to January 2008 through February 2011. He contends that Defendant Holland's perception of Plaintiff's legal activity is relevant to proving whether she viewed it in a negative light.

Accordingly, Plaintiff's motion is DENIED.

***Interrogatory Number 9:***  Did you believe the claims Inmate Goolsby F-19778 raised in his lawsuits and inmate appeals meritorious? Describe the reasons you relied on for your belief?

***Response:***  Defendant did not provide a response, and objected to the interrogatory as overbroad, vague and not likely to lead to the discovery of relevant evidence.  Defendant also argues that the interrogatory is argumentative and calls for speculation.

***Ruling:***  Plaintiff argues that the request is relevant to show Defendant Holland's state of mind and opinion of Plaintiff's lawsuits and appeals.  He agrees to shorten the time period to January 2008 through February 11, 2011.  Defendant, however, argues that the request is not relevant because only Defendant Holland's knowledge of Plaintiff's legal activity is relevant to his retaliation claim.

The Court disagrees.  Defendant's thoughts as to whether Plaintiff's lawsuits or appeal had merit are relevant to his retaliation claim.

Plaintiff's motion is GRANTED IN PART.  Defendant shall provide a supplemental

response within thirty (30) days of the date of service of this order.  The time-frame is narrowed to

January 2008 through February 2011.

### B.    DEFENDANT NOYCE

***Interrogatory Number 2:***  What evidence of gang activity did you discover about inmate

Goolsby f-19778 between August 2010 and February 11, 2011.

***Response:***  Defendant objects to the interrogatory as argumentative, in that it makes an

assumption that "gang activity" is required for validation.  Defendant also objects because the

interrogatory seeks disclosure of confidential information.  Without waiving these objections,

Defendant provides the following response:   "Responding Party does not recall which documents he

reviewed before drafting the 128-B memo of August 31, 2010.  Nor can it be ascertained from the

record which documents were in Plaintiff's central file when Responding Party conducted his review

on August 27, 2010.  The CDCR 128-B chrono dated February 8, 2011, authored by B. Medrano

was not in Plaintiff's confidential file on August 27, 2010.  It is also possible that the Confidential

Memorandum/Debriefing Report dated May 25, 2010, authored by G. Hopkins was not in Plaintiff's

confidential file on August 27, 2010, because debriefing reports can take up to six months to be filed

in the confidential file of each inmate mentioned in the debriefing report, due to the number of

inmates referenced in the debriefing report.  The review was conducted because Plaintiff was placed

in Administrative Segregation because he was observed checking the 128-G chronos of inmates

assigned to the IVA General Population. In Responding Party's experience, an inmate's checking of

another inmate's 128-G is not typically considered gang activity and would not be considered a

source of validation."  ECF No. 100, at 102.

***Ruling:***  The Court rejects Defendant's contention that the interrogatory is argumentative.

As Plaintiff points out, it says nothing about validation, and there is no legal assumption that gang

activity is required for validation.

Insofar as Defendant contends that Plaintiff is precluded from making arguments related to

the sufficiency of the evidence, his argument is rejected.  Plaintiff's interrogatory is aimed directly at

the remaining issue in this case- what happened between the August 2010 review and the February

2011 review?  Plaintiff asks Defendant Noyce what documents he reviewed during this time, which is directly relevant to this issue.

Finally, Defendant's response is not responsive to the request.  Plaintiff is not concerned with that evidence Defendant Noyce reviewed prior to August 2010, or with explanations as to why documents may not have been in his C-File.

Defendant also cites confidentiality, but he can likely refer to the documents without creating confidentiality issues.

Accordingly, Plaintiff's motion is GRANTED.  Defendant shall provide a supplemental response within thirty (30) days of the date of service of this order.

***Interrogatory Number 4***:  Do you believe there are any non-gang related reasons why Inmate Goolsby F-19778 would have another inmates name, CDC # or contact information?  If so what are they?

***Response:***  Defendant objects to the interrogatory as not relevant, vague, argumentative and calling for speculation.  Without waiving these objections, Defendant provides the following substantive response:  "Plaintiff had the names and addresses of validated members of the NLR prison gang Robert Pandolfi (F-66741) and David Baumgaertel (P-4629) in his address book.  By maintaining these inmates' information in his personal address book, Plaintiff was evidencing his past and current association with these inmates.  A confidential de-briefing memo dated April 6, 2009, reveals that Plaintiff was communicating with Baumgaertel (a validated NLR member) regarding gang business: i.e., NLR member "Lil Hoss" Williams' standing with the gang.  A confidential Intel Report-Investigation states that on December 15, 2011, an outgoing letter from Plaintiff to Baumgaertel attempted to relay information regarding other inmates and NLR gang business."  ECF No. 100, at 107.

***Ruling:***  Plaintiff contends that this information is relevant because the parties disagree as to the reasons that Plaintiff had other inmates' names.  Plaintiff wants to know whether Defendant recognizes any non-gang related reasons for having the names.

However, whether there is a non-gang related reason for having inmates' names is not relevant to the only issue remaining in this case the differences, if any, between the August 2010

1    review and the February 2011 review.

2        Plaintiff's request is not relevant and his motion is DENIED.

3        **_Interrogatory Number 5:_**  Do you believe there is any non- gang related reasons why an

4    inmate would have a list of general population White inmates in his possession?

5        **_Response_**:  Defendant objects to the interrogatory as not relevant, vague, argumentative and

6    calling for speculation.  Without waiving these objections, Defendant provides the following

7    substantive response:  "The rosters found in the possession of validated NLR members was not a

8    'list of general population White inmates."  ECF No. 100, at 108.

9

10       **_Ruling:_**  The ruling is the same as that for Interrogatory Number 4, above.  Plaintiff's motion

11   is DENIED.

12       **_Interrogatory Number 13:_**  You allege confidential memo 1/25/2010 authored by C.A.

13   Eubanks is a "Roster" of "Active White Inmates."  How did you come to this determination and

14   explain why the list is not merely a list of "General Population Inmates"?  What's written on it

15   indicates gang activity?

16       **_Response:_**  Defendant objects to the interrogatory as compound, but provides the following

17   response:

18           *Subpart A:* The list is not a list of general population inmates.  Roster number 1

19               contained the names, CDCR numbers, and hometowns of White inmates housed in

20               buildings 5 through 8.  Roster number 2 was a complete list of all White inmates in

21               buildings 1 through 8.  An IGI investigation verified the status and housing of each

22               inmate listed on the rosters.

23           *Subpart B*:  It is common that gangs keep lists or rosters of inmates in good standing

24               with the gang in a particular housing unit.  On December 18, 2009, Security Squad

25               Officer R. Frye searched the personal property of two validated NLR members and

26               discovered two rosters of White inmates housed in the Security Housing Unit (SHU)

27               at CCI-IVB who were in good standing with the NLR.  The lists contained the

28               inmates' name, moniker, hometown and CDCR number.  There is no reason that two

33

validated NLR gang members would have lists containing the names, monikers, hometowns and CDCR numbers of White inmates in the SHU for non-gang reasons. An IGI investigation verified the status and housing of each inmate listed on the rosters. Every inmate listed was found at one time to be living in the housing unit as indicated on rosters. Additionally, the manner in which the rosters were generated, made it apparent that the information was not meant to be seen or read by CDCR staff.

**Ruling:** Plaintiff's motion is limited to Subpart B. He contends that the response is not responsive because it does not indicate what was written on the lists to indicate gang activity. However, Defendant specifically states that the list contained "the inmates' names, monikers, hometowns and CDCR number," and then goes on to explain why this evidenced gang activity. In any event, this information would only be relevant to the extent that it explained any differences between the August 2010 review and the February 2011 review.

Plaintiff's motion is DENIED.

## C.   **DEFENDANT TYREE**

**Interrogatory Number 2**: Do you Defendant J. Tyree believe there is any legitimate non-gang related reasons why Inmate Goolsby F-19778 would have another inmates name, CDC# and contact information?

**Response:** Defendant objects to the interrogatory as not relevant, vague, argumentative and calling for speculation. Without waiving these objections, Defendant states, "Plaintiff had the names and addresses of validated members of the Nazi Low Riders (NLR) prison gang Robert Pandolfi (F-66741) and David Baumgaertel (P-46291) in his address book. By maintaining these inmates' information in his personal address book, Plaintiff was evidencing his past and current association with these inmates." ECF No. 100, at 111.

**Ruling:** The ruling is the same as that for Interrogatory Number 4 to Defendant Noyce. Plaintiff's motion is DENIED.

**Interrogatory Number 4:** On February 11, 2011 you Defendant J. Tyree issued a 113-D lock up segregating Inmate Goolsby F-19778, who ordered you to do this and what basis did you have for

taking this action?

**Response:**

*Subpart A:* Objection.  The interrogatory is argumentative in that it assumes that: 1) Responding Party "issued A 113-D Lock of Segregating Inmate Goolsby F-19778" and 2) Responding Party was ordered "to do this."  Without the document referenced, Responding Party cannot fully answer.  Without waiving said objection, Responding Party answers: Plaintiff was placed in the Administrative Segregation Unit on February 11, 2011, after the IGI Unit concluded an investigation into Plaintiff's involvement and association with the NLR.

*Subpart B:* Objection.  The interrogatory is argumentative in that it assumes that: 1) Responding Party "issued A 113-D Lock of Segregating Inmate Goolsby F-19778."  Without the document referenced, Responding Party cannot fully answer.  Without waiving said objection Responding Party answers:  On 02/11/2011, the Institution Gang Investigations Unit (IGI), completed an investigation of Plaintiff regarding his current gang status.  Under California Code of Regulations Title 15, Section 3378, there was sufficient evidence to validate Plaintiff as an associate of the NLR prison gang.  At that time, Plaintiff was placed in Administrative Segregation under Title 15, section 3335.

**Ruling:**  Plaintiff only argues that Defendant failed to state who ordered him to write the lock up order.  In his opposition, Defendant contends that he answered the best he could, as there is no evidence that he issued such an order.  Defendant states that he has not been able to find the lock-up order in Plaintiff's C-File, and Plaintiff did not attach the document to his requests.  Without the document, Defendant contends that he cannot fully answer.

In responding to the interrogatory, Defendant was required to make a reasonable effort to respond.  Based on his response, it appears that he has done so given the information he had.  If Plaintiff has a copy of the lock-up order at issue, he may present the document to Defendant within ten (10) days of the date of service of this order.  Defendant must then supplement his response within (30) days.

35

1      **D.    DEFENDANT EUBANKS**

2      ***Interrogatory Number 6:***  Did you read and consider in the course of your investigation the

3   128-B IGI review chrono dated August 31, 2010, authored by E. Noyce that found "insufficient

4   evidence" to validate Goolsby based on the same source items used by you to validate Goolsby an

5   associate of the NLR?

6      ***Response:***  Defendant objected to the interrogatory as argumentative, and making the

7   erroneous assumption that the August 31, 2010, chrono by Defendant Noyce was the same source

8   item used by Defendant Eubanks in Plaintiff's NLR validation package.  Without waiving the

9   objection, Defendant states:  "Noyce's August 31, 2010 chrono did not list what documents he

10  reviewed.  The CDCR 128-B chrono dated February 8, 2011, authored by B. Medrano was not in

11  Plaintiff's C-file on August 27, 2010, when Noyce did his review.  It is also possible that the

12  Confidential Memorandum/Debriefing Report dated May 25, 2010, authored by G. Hopkins was not

13  in Plaintiff's confidential file on August 27, 2010, because debriefing reports can take up to six

14  months to be filed in the confidential file of each inmate mentioned in the debriefing report, due to

15  the number of inmates referenced in the debriefing report."  ECF No. 100, at 114.

16     ***Ruling:***  Plaintiff argues only that Defendant Eubanks failed to answer the actual question-

17  whether he reviewed the 128B chrono.  In his opposition, Defendant believes that Plaintiff is trying

18  to get Defendant Eubanks to "implicitly admit" that his validation was based on the same evidence.

19  ECF No. 100, at 114.

20         The Court agrees that the interrogatory impermissibly assumes that the two reviews were

21  based on the same source items.  However, Defendant can provide a response to the interrogatory

22  when this portion is omitted.  Accordingly, Plaintiff's motion is GRANTED IN PART.  Defendant

23  shall provide a response, within thirty (30) days of the date of service of this order, to the following

24  interrogatory:  "Did you read and consider in the course of your investigation the 128-B IGI review

25  chrono dated August 31, 2010, authored by E. Noyce?"

26     ***Interrogatory Number 14***:  In your opinion is there any legitimate non-gang reason for

27  Inmate Goolsby F-19778 to possess a validated inmates' name, CDC#, and/or contact information in

28  his property?  If yes, please state all reasons.

*Response:*   Defendant objects to the interrogatory as not relevant, vague, argumentative and calling for speculation.  Without waiving these objections, Defendant states, "Plaintiff had the names and addresses of validated members of the NLR prison gang Robert Pandolfi (F-66741) and David Baumgaertel (P-46291) in his address book.  By maintaining these inmates' information in his personal address book, Plaintiff was evidencing his past and current association with these inmates." ECF No. 100, at 115.

*Ruling*:  The ruling is the same as that for Interrogatory Number 4 to Defendant Noyce. Plaintiff's motion is DENIED.


*Interrogatory Number 16*:  Can you write down to the best of your memory the conversation you had with Inmate Goolsby F-19778 on April 11, 2011?

*Response:*   Defendant responded as follows:  "No.  But the records indicate the following: Responding Party provided to Plaintiff the non-confidential information being used to validate him as an NLR associate.  Responding Party also provided to Plaintiff Confidential Information Disclosure Forms (CDCR 1030) for the confidential information used to validate him.  Responding Party advised Plaintiff that an interview regarding the information obtained during this investigation would be held in not less than 24-hours."  ECF No. 100, at 116.

*Ruling:*  Plaintiff believes that Defendant's response is contradictory because he first says that he cannot write down the conversation, but then goes on to describe it.  Plaintiff's argument is rejected.  Defendant said he could not write down the conversation, and in his opposition, he confirms that he has no memory of the conversation.  However, in an effort to provide additional information, Defendant summarized the conversation as it appeared in his records.

Defendant's response is adequate and Plaintiff's motion is DENIED.

*Interrogatory Number 19*:  Which supervisors have you received directions from to investigate Inmate Goolsby F-19778 for gang activity?

*Response:*   Defendant objects to the interrogatory as argumentative because it assumes that he needed supervisory direction to investigate Plaintiff.  Without waiving the objection, Defendant responded, "in the course of my job responsibilities, I investigated Goolsby's gang association based

on information prison staff has uncovered demonstrating gang association." ECF No. 100, at 117.

*Ruling:*  Plaintiff argues, and the Court agrees, that the interrogatory does not assume that Defendant needed supervisory direction to investigate Plaintiff.  Plaintiff's main issue with the answer is that it is non-responsive.  The Court agrees.  If Defendant did not receive directions from anyone, he should so state.

Plaintiff's motion is GRANTED.  Defendant shall provide a supplemental response within thirty (30) days of the date of service of this order.

///

///

## V.    REQUESTS FOR ADMISSIONS

### A.    LEGAL STANDARD

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and with other forms of discovery, it is well established that boilerplate objections do not suffice, *e.g.*, *Thompson v. Yates*, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011); *Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Assoc.*, No. 2:09-cv-1672-RCJ-RJJ, 2011 WL 3841083, at *2 (D. Nev. Aug. 29, 2011); *Palladini v. City of Milpitas*, No. CV 06-00779 JW (HRL), 2008 WL 1774090, at *2 (N.D. Cal. Apr. 16, 2008); *Medina v. U.P.S.*, No. C-06-791 JW PVT, 2007 WL 2123699, at *2 (N.D. Cal. Jul. 23, 2007); *Eastridge Personnel of Las Vegas, Inc. v.*

1   *Du-Orpilla*, No. 2:06-cv-00776-KJD-PAL, 2007 WL 1232229, at *2 (D. Nev. Apr. 26, 2007); *A.*

2   *Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 255 (C.D. Cal. 2006).

3          Finally, "[t]he requesting party may move to determine the sufficiency of an answer or

4   objection," Fed. R. Civ. P. 36(a)(6).  "Unless the court finds an objection justified, it must order that

5   an answer be served.  On finding that an answer does not comply with this rule, the court may order

6   either that the matter is admitted or that an amended answer must be served."  *Id.*  Efforts to obstruct

7   discovery through objections or evasive responses which lack any good faith basis will not be

8   condoned.  *Marchand v. Mercy Med. Cntr.*, 22 F.3d 933, 938 (9th Cir. 1994); *In re TFT-LCD (Flat*

9

10  *Panel) Antitrust Litigation*, No. M 07-1827 SI, 2011 WL 3566419, at *5 (N.D. Cal. Aug. 12, 2011);

11  *Mitchell*, 2010 WL 3835765, at *1.

12          **B.      DEFENDANT HOLLAND**

13          ***Request Number 3:***  Admit or deny you believed Goolsby's inmate appeal and lawsuit

14  lacked merit.

15          ***Response:***  Defendant objected to the request as compound, vague, argumentative and

16  overbroad.  Without waiving objections, Defendant responded, "Responding Party cannot admit or

17  deny the request because the request does not contain sufficient facts to formulate an answer, is

18  unintelligible and calls for speculation."  ECF No. 100, at 117.

19          ***Ruling:***  In his motion, Plaintiff agrees to limit the request to appeals and lawsuits filed

20  before February 11, 2011.  He also clarifies that the request seeks her opinion as to *all* appeals and

21  lawsuits filed before that time.

22          Plaintiff contends that her answer is non-responsive.  Given Plaintiff's clarifications,

23  Defendant should be able for formulate a more specific response.

24          As to relevancy, the Court discussed the issue in granting Plaintiff's motion for a further

25  response to Interrogatory Number 9 to Defendant Holland.

26          Plaintiff's motion is GRANTED IN PART and Defendant shall provide a supplemental

27  response to the request, as modified, within (30) days of the date of service of this order.

28          ***Request Number 7:***  Admit or deny you Defendant Holland sent e-mails to other CCI prison

officials about Inmate Goolsby F-19778 and his appeals and litigation, between January 2008 and March 2012.

**Response:**  Defendant objected to the request as compound, vague, argumentative, and not relevant overbroad.   Without waiving the objections, Defendant responded, "Responding Party cannot admit or deny the request because she cannot recall any emails with other CCI officials concerning Plaintiff at CCI and after a diligent search has found no documents evidencing such emails."  ECF No. 100, at 118.

**Ruling:**  Plaintiff believes that Defendant evaded a response by saying that she "cannot recall."  He also contends that she has access to her computer's hard drive and should therefore be able to state, "unequivocally," whether she sent any email.

Plaintiff's argument is without merit.  A responding party is entitled to state that they cannot recall, and in such cases, the party must state that they made a "reasonable inquiry" to find the necessary information.  *See e.g.*, *Asea, Inc., v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir.1981) ("A response [to requests for admissions] which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry' or if information 'readily obtainable' is sufficient to enable him to admit or deny the matter.").  Here, Defendant indicates that she made a diligent search, and in her opposition, clarifies that she searched for emails that had been printed out.  Rule 36 does not, as Plaintiff argues, require Defendant to conduct a search of her hard drive.

The response is sufficient.  In a prior discovery request, Defendant indicated that emails were not saved for more than 90 days.  While Plaintiff may not agree, Defendant's response is adequate.  Plaintiff's motion is therefore DENIED.

**_Request Number 12_**:  Admit or deny that you believed in 2010 that inmate Goolsby F-19778 was a problem inmate.

**Response:**  Defendant objected to the request as not relevant, vague and argumentative. Without waiving the objections, Defendant states that she "cannot truthfully admit or deny the request because she cannot recall if she had any belief or opinion as to Plaintiff in 2010, and the term "problem inmate" is too vague and unintelligible."  ECF No. 100, at 119.

40

***Ruling:***  Plaintiff contends that "problem inmate" is not vague or unintelligible, and defines it as "an inmate that presents perplexity or difficulty."  ECF No. 87, 110.  While Plaintiff may have defined the term in general, it remains vague because it does not specify the type of problem.  This action is about retaliation based on Plaintiff's litigation, and anything outside of that would be irrelevant.

In any event, Defendant's simple statement that she does not recall is insufficient under Rule 36(a)(4).  Plaintiff's motion is therefore GRANTED IN PART.  Defendant must provide a supplemental response within thirty (30) days of the date of service of this order.  The request is modified as follows:  "Admit or deny that you believed in 2010 that inmate Goolsby F-19778 was a problem inmate because he filed appeals or lawsuits."

***Request Number 13:***  Admit or deny that you believed in 2010 and 2011 that an inmate who possessed another inmates' contact information that was validated had only one reason for possessing that contact information and that was gang activity.

***Response***:  Defendant objected to the request as irrelevant, vague and unintelligible.  Without waiving the objections, Defendant responded, "Responding Party cannot truthfully admit or deny the request because: 1) she cannot recall if he had any belief or opinion as to stated subject matter in 2010 and 2011; 2) the request is ambiguous; and 3) the request calls for speculation and as a hypothetical question, the request contains insufficient foundational facts to formulate an answer."  ECF No. 100, at 120.

***Ruling:***  The ruling is the same as that for Interrogatory Number 4 to Defendant Noyce.  Plaintiff's motion is DENIED.

## C.  DEFENDANT EUBANKS

***Request Number 7:***  Admit or deny that if you found a list of Inmates' names and identifying information and one of the Inmates was validated, the list evidenced gang activity by all inmates listed.

***Response:***  Defendant objected to the request as ambiguous, argumentative, calling for speculation, requiring a hypothetical answer and irrelevant.  Without waiving the objections, Defendant responded, "Responding Party cannot admit or deny the request because it is incomplete,

41

1    hypothetical, and insufficient facts are given to formulate an answer."  ECF No. 100, at 122.

2        ***Ruling:*** The ruling is the same as that for Interrogatory Number 4 to Defendant Noyce.

3    Plaintiff's motion is DENIED.

4    ///

5    ///

6    ///

7    ///

8    ///

9    ///

10                                            **<u>ORDER</u>**

11        Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART, as described

12   throughout this order.  Where applicable, Defendants SHALL file supplemental responses within

13   thirty (30) days of the date of service of this order.

14        Plaintiff's motion to supplement his reply (Document 105) is GRANTED insofar as the

15   Court discussed his arguments in this decision.

16
17   IT IS SO ORDERED.

18      Dated:   **April 22, 2015**                        /s/ *Dennis L. Beck*

19                                              UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

                                              42