IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS GOOLSBY,**<br><br>Plaintiff,<br><br>v.<br><br>**J. GENTRY, et al.,**<br><br>Defendants. | Case No. 1:11-cv-01773-LJO-DLB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION<br><br>(Document 107) |

Plaintiff Thomas Goolsby ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Gentry, Noyce, Eubanks, Tyree, Medrano, Holman, Holland and Steadman for retaliation in violation of the First Amendment.

Discovery closed on April 16, 2015, and the dispositive motion deadline is May 15, 2015.

On May 4, 2015, Defendants filed a motion to compel Plaintiff's deposition.[1] The Court deems the matter suitable for decision without an opposition.

---

[1] Even though the motion was filed after the discovery deadline, it pertains to discovery occurring prior to the deadline and is therefore timely.

1

Even though Plaintiff appeared at his deposition on March 10, 2015, and the April 6, 2015, continuation, Defendants were unable to gather the necessary substantive information. Plaintiff insisted on attempting to transcribe the deposition by hand, resulting in Plaintiff's inability to timely respond to questions and Defendants' understandable frustration.

Plaintiff's insistence on attempting to take his own transcript of his deposition stems from his belief that he is entitled to a free copy of the deposition transcript. He is incorrect. Plaintiff is not entitled to a free copy of his deposition transcript. Fed. R. Civ. P. 30(f)(3). He is entitled only to review the transcript and make changes, if he made a request for review before the completion of the deposition. Fed. R. Civ. P. 30(e)(1).

Defendants' motion is therefore GRANTED and Plaintiff is ORDERD to appear for his deposition and answer questions without attempting to write his own transcript. Such actions are obstructive and indicate Plaintiff's unwillingness to meaningfully participate in his deposition.

However, the Court will permit Plaintiff to take an audio recording **for his own use, if permitted by the institution.** Plaintiff must arrange for the use of audio recording equipment with the Litigation Coordinator. He is informed, however, that this audio recording, or any "transcripts" he may attempt to make from the recording, is not evidence and will not be admissible in any proceedings before this Court.[2]

Plaintiff is warned that if he continues to obstruct Defendants' attempts to take his deposition, he may be subject to sanctions, including a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **May 7, 2015**              /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Proceedings include both trial and any motions filed before the Court.