IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>J. GENTRY, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 1:11-cv-01773-LJO-DLB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>(Document 115-1)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL<br>(Document 115-2)<br><br>ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO FILE OPPOSITION |

Plaintiff Thomas Goolsby ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Gentry, Noyce, Eubanks, Tyree, Medrano, Holman, Holland and Steadman for retaliation in violation of the First Amendment.

Defendants filed a motion for summary judgment or in the alternative, for an order requiring Plaintiff to post security as a vexatious litigant, on May 15, 2015.

///

On May 26, 2015, Plaintiff filed a request to stay the motion because he has not yet received Defendants' discovery responses, which were ordered by the Court on April 22, 2015. Plaintiff states that he needs the responses to oppose the motion.

Pursuant to the Court's April 22, 2015, order, Defendants were to serve responses to Plaintiff within thirty days. Thirty days would have been May 22, 2015. Plaintiff signed his motion, however, on May 21, 2015, a day before the responses were due.

The Court expects that Defendants have timely served Plaintiff with their responses as of the date of this order. Therefore, the Court will not stay the motion and DENIES his request. However, the Court will GRANT Plaintiff a thirty (30) day extension of time within which to file his opposition.

Insofar as Plaintiff requests counsel to review discovery documents, his request is DENIED. Plaintiff asks that counsel be appointed to avoid a security issue, i.e., Defendants can send discovery that may raise safety issues directly to counsel. This does not, however, justify appointment of counsel. Palmer. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

IT IS SO ORDERED.

Dated:   **May 27, 2015**                              /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE