# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>        Plaintiff,<br><br>  v.<br><br>GENTRY, et al.,<br><br>        Defendants. | Case No. 1:11-cv-01773-LJO-DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL<br><br>(Document 120) |

Plaintiff Thomas Goolsby ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amendment retaliation claim against Defendants Gentry, Noyce, Eubanks, Tyree, Medrano, Holman, Holland and Steadman.

The dispositive motion deadline was May 15, 2015. Defendants' May 15, 2015, motion for summary judgment is pending.

On April 22, 2015, this Court issued an order granting in part and denying in part Plaintiff's motion to compel. Defendants were ordered to provide supplemental responses within thirty (30) days of the date of service of the order.[1]

///

///

---

[1] Defendants have also provided documents for in camera review, which the Court will discuss by separate order.

1

1 On June 15, 2015, Plaintiff filed a motion to compel Defendants to comply with the Court's order. Plaintiff argued that Defendants purposely altered certain words in their responses to avoid producing documents.

Defendants opposed the motion on July 6, 2015, indicating that they had served Plaintiff with second supplemental responses to clear up any ambiguities.

On July 7, 2015, Plaintiff filed an "opposition" to Defendants' Second Supplemental Responses. The Court construes this as a reply.

The motion is suitable for decision pursuant to Local Rule 230(l).

## DISCUSSION

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party=s claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

### *Request For Production No. 16 (Holland)*

Plaintiff requested a copy of all of CCI's Operational Procedures in effect between January 2008 and March 2012, including a master list of all operational procedures index.

In the Court's ruling, the Court limited the request to CCI Operational Procedures related to gang validations *in effect* from January 2008 to February 2011.

In her supplemental response, Defendant Holland stated that she made a diligent search for "CCI Operations Procedures *created* between January 2008 and February 2011 concerning gang validation," and declared that no such items have ever existed. ECF No. 120, at 10.

After Plaintiff filed this motion, Defendant Holland served a second supplemental response stating that she made a diligent search for "CCI Operational Procedures *in effect* between January 2008 and February 2011 concerning gang validation " and declared that no such items have ever existed. ECF No. 121-1, at 5.

Defendant has resolved the issue with wording by using "in effect" in her second supplemental response, and Plaintiff's motion on this issue is denied as moot.

***Request for Production No. 17 (Holland)***

Plaintiff requested a copy of all policies, manuals, guides, texts, documents and electronic documents concerning the investigating, identifying and suppression of prison gangs or security threat groups by prison officials operative between January 2008 and March 2012 at CCI.

The Court granted Plaintiff's motion in part, limiting the request to documents *in effect* between January 2008 and February 2011.

In Defendant's supplemental response, she stated that she made a diligent search of "CCI documents *created* between January 2008 and February 2011 concerning gang validation procedures" and declared that no such documents have ever existed. ECF No. 120, at 11.

In Defendant's second supplemental response, she clarified that he searched for "CCI documents *in effect* between January 2008 and February 2011," but that no such documents have ever existed. ECF No. 121-1, at 5.

Defendant therefore resolved the wording issue and Plaintiff's motion on this issue is denied as moot.

Plaintiff also argues, however, that Defendant searched for "CCI documents," rather than documents operative at CCI. Plaintiff contends that gang validation documents are usually created at the Office of Correctional Safety or CDCR Headquarters and then implemented at each prison.

Defendant acknowledges that CDCR issues policies dealing with gang validation, and that some portions of Title 15 are applicable to gang validation, but argues that the Court order related only to CCI documents. While Request Number 16 specifically asked for CCI's operational procedures, Request Number 17 sought documents "operative . . . at CCI." Indeed, the Court noted as much, explaining that the request was aimed at documents other than CCI gang policy memorandum or CCI operational procedures, as Plaintiff had specifically requested such documents in other requests.

Plaintiff's motion to compel on this issue is GRANTED. Defendant must provide a supplemental response within thirty (30) days of the date of service of this order.

///

///

***Request for Production Number 2 (Noyce)***

Plaintiff requested copies of all policies, manuals, texts, memorandum, booklets, documents and electronic documents used to aid and guide Defendant in the execution of his duties to identify and validate prison gang members and associates.

The Court granted the motion, but limited documents to those *in effect* between January 2008 and February 2011.

In Defendant's supplemental response, he stated that he made a diligent search of "CCI documents *created* between January 2008 and February 2011 concerning gang validation procedures" and declared that no such documents have ever existed. ECF No. 120, at 12.

In Defendant's second supplemental response, he clarified that he searched for "CCI documents *in effect* between January 2008 and February 2011, concerning gang validation," but that no such documents have ever existed. ECF No. 121-1, at 6.

Defendant therefore resolved the wording issue and Plaintiff's motion on this issue is denied as moot.

As with Request for Production Number 17 to Defendant Holland, Plaintiff also argues that Defendant searched for "CCI documents," rather than all documents in effect at CCI. For the same reasons noted above, the Court GRANTS Plaintiff's motion. Defendants must provide a supplemental response within thirty (30) days of the date of service of this order.

***Interrogatory Number 6 (Holland)***

Plaintiff's motion seeks only to alter the Court's ruling in the motion to compel. The Court granted Plaintiff's request seeking to discover what portion of his C-file Defendant Holland reviewed during classification hearings, but limited the time frame to reviews between October 2010 and February 11, 2011.

In her supplemental response, Defendant Holland stated that she did not attend any classification hearings between October 2010 and February 2011.

Plaintiff does not take issue with the response, but rather seeks to include Defendant Holland's September 9, 2010, classification review. Plaintiff asks the Court to compel a response "because it's only a month earlier." ECF No. 120, at 3.

Plaintiff's motion to compel a response is DENIED.  He cannot now request additional information simply because he'd like to have such information.

### **ORDER**

Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART, as described above.  Where applicable, Defendants SHALL file supplemental responses within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **August 3, 2015**                                   /s/ *Dennis L. Beck*
                                                         UNITED STATES MAGISTRATE JUDGE