# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GENTRY, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-01773-LJO-DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL AFTER *IN CAMERA REVIEW*<br><br>(Document 106) |

Plaintiff Thomas Goolsby ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amendment retaliation claim against Defendants Gentry, Noyce, Eubanks, Tyree, Medrano, Holman, Holland and Steadman.

The discovery cut-off was April 16, 2015. Defendants' May 15, 2015, motion for summary judgment is pending.

On April 22, 2015, the Court issued an order on Plaintiff's October 17, 2014, motion to compel. For eight of the discovery requests at issue, the Court ordered Defendants to produce responsive documents for *in camera review*.

Defendants provided the documents, along with the amended declaration of M. Lopez and an amended privilege log, on June 8, 2015.

The Court has reviewed the documents and now rules on the discovery requests at issue. It is important to note that the Court has reviewed the documents in light of their relevancy- whether there were any additional documents used in the second review, or some other explanation to support the different results reached in the reviews of August 2010 and February 2011.

Defendants have submitted the confidential portions of Plaintiff's C-file for in camera review. These documents would be responsive to the discovery requests for which the Court requested confidential information.

After reviewing the documents, the Court finds that the majority of the documents are either (1) not relevant because of the date on which the information was obtained or the subject matter; or (2) not used in Plaintiff's validation. Lopez Decl., ¶¶ 15, 17. As to the remaining documents, the contents of the documents are summarized in Defendants' pending motion for summary judgment and were not directly used to validate Plaintiff. Therefore, any balancing would weigh in favor of Defendants and the Court finds that the documents **need not be disclosed**.

IT IS SO ORDERED.

Dated:   **August 18, 2015**                    /s/ Dennis L. Beck
                                                UNITED STATES MAGISTRATE JUDGE