# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>    Plaintiff,<br><br>   v.<br><br>GENTRY, et al.,<br><br>    Defendants. | Case No. 1:11-cv-01773-LJO-DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR SANCTIONS<br><br>(Document 134) |

Plaintiff Thomas Goolsby ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amendment retaliation claim against Defendants Gentry, Noyce, Eubanks, Tyree, Medrano, Holman, Holland and Steadman.

The dispositive motion deadline was May 15, 2015. Defendants' May 15, 2015, motion for summary judgment is pending.

On April 22, 2015, this Court issued an order granting in part and denying in part Plaintiff's motion to compel. Defendants were ordered to provide supplemental responses within thirty (30) days.

On June 15, 2015, Plaintiff filed a motion to compel Defendants to comply with the Court's order. Plaintiff argued that Defendants purposely altered certain words in their responses to avoid producing documents.

The Court issued an order on Plaintiff's motion to compel on August 3, 2015.

Plaintiff filed another motion to compel on September 17, 2015. Defendants filed their opposition on October 7, 2015, and Plaintiff filed a reply on October 19, 2015. The motion is suitable for decision pursuant to Local Rule 230(l).

## DISCUSSION

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party=s claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Plaintiff argues that Defendant Holland and Noyce, in supplementing their responses to Request for Production Number 17 (Holland) and Request for Production Number 2 (Noyce) pursuant to the Court's August 3, 2015, order, only produced two responsive documents - DOM Article 22- Gang Management and California Code of Regulations, Title 15, section 3378, both of which were in effect at CCI between January 2008 and February 2011. ECF No. 134, at 8-27. Plaintiff believes that there are many more responsive documents that should have been produced.

### *Request for Production No. 17 (Holland)*

Plaintiff requested a copy of all policies, manuals, guides, texts, documents and electronic documents concerning the investigating, identifying and suppression of prison gangs or security threat groups by prison officials operative between January 2008 and March 2012 at CCI.

The Court granted Plaintiff's motion in part and ordered Defendant to produce documents operative at CCI between January 2008 and February 2011.

### *Request for Production Number 2 (Noyce)*

Plaintiff requested copies of all policies, manuals, texts, memorandum, booklets, documents and electronic documents used to aid and guide Defendant in the execution of his duties to identify and validate prison gang members and associates.

The Court granted the motion in part and ordered Defendant to produce documents operative at CCI between January 2008 and February 2011.

2

*Analysis*

In their opposition, Defendants argue that the Court's August 3, 2015, order required them to produce "'policy memorandums' and 'operational procedures' related to gang validation in effect at [CCI] between January 2008 and February 2011." ECF No. 136, at 6. However, the order did not limit the documents to "policy memorandums" and "operational procedures," but instead indicated that Numbers 17 and 2 asked for documents "**other** than CCI gang policy memorandum or CCI operational procedures, as Plaintiff had specifically requested such documents in other requests." ECF No. 128, at 3. Pursuant to this misreading of the August 3, 2015, order, Defendants produced "the policy memorandums and operational procedures related to gang validation in effect at [CCI] between January 2008 and March 2012." ECF No. 136, at 7. Defendants now contend that the documents produced, DOM- Article 22 and Section 3378, "are the only policies and procedures related to prison-gang investigation, suppression, and identification." ECF No. 136, at 7.

Because Defendants appeared to have misinterpreted the Court's order, the Court will address Plaintiff's contentions. However, this does not necessarily mean that each document identified by Plaintiff would have been responsive to the request. Indeed, in the Court's April 22, 2015, order, it specifically noted that the requests were aimed documents other than CCI gang policy memorandums and Operational Procedures, "if any exist." ECF No. 106, at 16, 18.

It appears that Plaintiff identified many of the documents he now requests from the DOM sections that Defendants produced. However, simply because documents may be referred to in the DOM sections on gang management does not mean that Plaintiff is entitled to the documents. Plaintiff identifies the following documents that he believes he is entitled to: (1) Q series forms[1] (DOM section 52070.21.1); (2) California Gang Task Force Reports (DOM section 52070.13.4); (3) Gang Investigator Meetings (DOM section 52070.13.5); (4) Gang Involved Parolee Arrest/Incident Notifications (DOM section 52070.11.2); and (5) Gang Data Base (DOM section 52070.23).

The Court has repeated many times that relevant documents are those that may show differences between the gang reviews in August 2010 and February 2011, i.e., whether there were

---

[1] "Q Forms" include the Gang Validation Worksheet, a Body Markings Diagram and Body Markings Photographs. Lujan Decl. ¶ 7.

3

any additional documents used in the second review, or some other explanation to support the different results reached in the reviews of August 2010 and February 2011.

Defendants have indicated that Plaintiff was not validated on the basis of his tattoos, making Q Series Forms not relevant. He is not a parolee, making Gang Involved Parolee Arrest/Incident Notifications not relevant. The Gang Database contains the names and identifiers of gang-affiliated inmates, parolees and others, and the Court sees no relevant connection between the Database and Plaintiff's claims. Moreover, even if these documents/databases were relevant, there would no doubt be extensive safety and confidentiality issues related to disclosure.

California Gang Task Force Reports are summaries of reported gang activity, statistical reports and other materials that provide an "accurate portrayal of gang activity (both inside and outside prisons) to law enforcement agencies and institutional gang investigators." Lujan Decl. ¶ 12. Similarly, Gang Investigator Meetings serve partly as training sessions and are an opportunity to exchange gang-intelligence at an operational level. Lujan Decl. ¶ 14. It is conceivable that these documents would be "operative at CCI from January 2008 through February 2011," though the Court cannot make such a determination given its limited knowledge of the operations at CCI. However, given the extremely sensitive nature of these documents and the danger associated with disclosure, the Court cannot think of a situation where the benefits of disclosure would outweigh the risks, especially where relevance is questionable in the first instance.

In addition to documents referenced in the DOM sections, Plaintiff contends that training materials and "Operational Procedure 426R Electronic Surveillance" are responsive to his request.

As to training materials, Plaintiff cites Defendants' declarations in support of their motion for summary judgment, and argues that Defendants Tyree, Eubanks, Hopkins and Noyce had extensive training in gang investigation and that such training documents should be produced. The Court agrees that training documents may be relevant to the extent that they demonstrate a difference in the way the two gang reviews were handled, though whether they were "operative at CCI" is beyond the scope of the Court's knowledge. In any event, Defendants do not have possession, custody or control over such materials because staff is not permitted to retain training materials and must return them to the Office of Correctional Safety. Lujan Decl. ¶ 7.

4

Finally, it is unclear why Plaintiff thinks that electronic surveillance records, which are conducted during undercover operations, are relevant to his narrow claims. Lujan Decl. ¶ 18.

**ORDER**

Plaintiff's motion to compel is therefore DENIED. The Court also DENIES Plaintiff's request for sanctions.

IT IS SO ORDERED.

Dated:   **October 27, 2015**                    /s/ *Dennis L. Beck*
                                                         UNITED STATES MAGISTRATE JUDGE