# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GENTRY, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01773-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY<br><br>(Document 138) |

Plaintiff Thomas Goolsby ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amendment retaliation claim against Defendants Gentry, Noyce, Eubanks, Tyree, Medrano, Holman, Holland and Steadman.

The dispositive motion deadline was May 15, 2015. Defendants' May 15, 2015, motion for summary judgment is pending.

Although discovery closed on April 16, 2015, the Court has issued numerous rulings on various discovery disputes.

On October 27, 2015, Plaintiff filed a motion to reopen discovery and compel production of emails. Defendants opposed the motion on November 18, 2015, and Plaintiff filed a reply on November 30, 2015. The motion is suitable for decision pursuant to Local Rule 230(l).

1

# DISCUSSION

## A. Legal Standard

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification." *Johnson*, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed.R.Civ.P. 16(b)(4).

## B. Analysis

Plaintiff seeks to reopen discovery to obtain emails from Defendants based on his newly obtained evidence that such emails exist and are retrievable.

By way of background, Plaintiff sought emails containing his name from January 2009 through March 2012 from Defendants Holland, Noyce, Steadman and Eubanks[1] during discovery. Defendants objected to the requests, but also provided slightly different substantive responses. The common theme of the responses was that Defendants had conducted a search but that no responsive documents existed.

In ruling on the motion to compel, the Court denied the request as to Defendants Noyce, Steadman and Eubanks, explaining that Plaintiff had not provided any reason why he believed that responsive documents actually existed. The Court also explained that it could not compel production of documents that did not exist. As to Defendant Holland, the Court granted the motion

---

[1] The time frame given to each Defendant varied, though the differing dates are not relevant to the outcome of this motion. ECF No. 87, at 121 (Holland- January 2009 through March 2012), 128 (Noyce- January 2008 through March 2012), 132 (Steadman- January 2008 through July 2011) and 135 (Eubanks- January 2008 through March 2012).

to compel in part because Defendant Holland had improperly restricted the search with respect to subject matter and the time frame.

Now, Plaintiff contends that he has proof that Defendants did in fact send emails concerning him, and that such emails can be retrieved from a Sacramento CDCR database. Plaintiff bases this belief on a response to his August 2, 2015, public records request for emails from prison officials *other* than Defendants. On October 16, 2015, Plaintiff received a response to his request from attorney Catherine Clark of the Office of Legal Affairs. Ms. Clark explained that CDCR should be able to extract the information from its databases, but that it would require payment from Plaintiff in the amount of $931.73 to compensate for the approximately sixteen hours of time it would take to retrieve the information. Ms. Clark also stated that some information may have to be redacted, but that she would not know the extent of any redactions until the information was retrieved. Plaintiff was given ninety days to submit payment, and told that it generally takes one-hundred and twenty days after payment to receive the records. ECF No. 138, at 6-7.

Plaintiff therefore argues that while it may have been true that Defendants could no longer access any emails on their individual computers, any emails would be available in the CDCR database in Sacramento.[2]

In arguing that emails actually exist, Plaintiff states that "as luck would have it," his counselor found an email dated January 27, 2011, from Defendant Eubanks to another prison official requesting that Plaintiff not be transferred because of the pending validation. ECF No. 138, at 3. The email states that "these are the inmate we are looking at that are going to be validated," and lists Plaintiff's name. Plaintiff contends that the use of "we" means that other IGI officials were discussing Plaintiff. ECF No. 138, at 3, 4.

As explained above, modification of the discovery order requires a showing of good cause, and this analysis takes into consideration the party's diligence in seeking the modification. In this case, discovery opened on December 17, 2014, and closed on April 16, 2015.[3] The Court issued the only ruling on the email requests on April 22, 2015. Over three months later, Plaintiff submitted a

---

[2] Plaintiff admits that Defendants may not have been aware that the database existed.

[3] In fact, on April 17, 2014, the Court ordered Defendants to respond to discovery that had been served prior to the opening of discovery given the amount of time this action had been pending, and because the discovery related to a claim that was going forward regardless of the ruling on the pending motions.

3

public records request for emails from officials *other than Defendants*.  He received a response indicating that emails for these other officials may exist in a database in Sacramento.

The fact that Plaintiff received information that emails may exist in the course of seeking information on *other individuals* over three months after the Court's ruling does not establish good cause for reopening discovery.

Moreover, because Plaintiff was seeking information on individuals who are not parties to this action, he cannot demonstrate how many emails *from Defendants* may actually exist.  Plaintiff admits as much in his requested relief- he asks that the Court "order defendants to search CDCR's email database in Sacramento for emails meeting the criteria and timeframe of Plaintiff's" discovery requests.  ECF No. 3, at 10.  To support his argument that emails exist, Plaintiff points to a January 2011, email from Defendant Eubanks and infers that other mails must exist.  Plaintiff does not indicate when he received this email, nor does the existence of the email raise a question as to the legitimacy of Defendant Eubanks' discovery response.  Plaintiff admits that emails were not kept on individual computers, and this is exactly what Defendant Eubanks told Plaintiff.  Defendant Eubanks also indicated that he could not recall any responsive emails, but there is no indication that he was being untruthful.

The Court also notes that this action has been pending since 2011, and Defendants' motion for summary judgment is pending and fully briefed.  Allowing additional discovery at this late stage in the proceedings would unfairly prejudice Defendants.

Based on the above, the Court finds that good cause does not exist to modify the discovery and scheduling order to permit additional discovery.[4]  Plaintiff's motion is therefore DENIED.

IT IS SO ORDERED.

Dated:   **December 9, 2015**                    /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE

---

[4] In opposing the motion, Defendants characterize the motion as one brought under Rule 56(d).  Although the Court analyzed the motion under Rule 16, the outcome would be same if the standards of Rule 56(d) were applied.

4