# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GOOLSBY, | Case No. 1:11-cv-01773-LJO-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE<br>(Document 141) |
| v. | |
| GENTRY, et al., | ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT AS MOOT<br>(Document 144) |
| Defendants. | |

Plaintiff Thomas Goolsby ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amendment retaliation claim against Defendants Gentry, Noyce, Eubanks, Tyree, Medrano, Holman, Holland and Steadman.

Defendants' May 15, 2015, motion for summary judgment is pending. The motion was originally filed with an alternative request to order Plaintiff to post security as a vexatious litigant. Defendants withdrew this portion of their motion on November 19, 2015.

Prior to the withdrawal, Plaintiff moved to strike the Declaration of Ellen Hung, submitted in response to Plaintiff's opposition. Plaintiff also moved to strike an argument relating to his Aryan Brotherhood ("AB") Validation made in Defendants' reply. Defendants opposed the motion on November 30, 2015, and Plaintiff filed his reply on December 9, 2015. The motion is deemed submitted pursuant to Local Rule 230(l).

1

## DISCUSSION

Defendants have withdrawn their request for an order requiring Plaintiff to post a bond, as well as Ms. Hung's declaration. Therefore, Plaintiff's request to strike it is moot.

Insofar as Plaintiff argues that sanctions continue to be appropriate, his request is denied. There is no indication that Ms. Hung's declaration was submitted in bad faith.[1]

Finally, Plaintiff's motion to strike Defendants' arguments related to Plaintiff's AB validation made in their reply, his motion is denied. Plaintiff believes that the argument that he would have been validated anyway was made for the first time in the reply. However, Defendants first raised the issue of Plaintiff's AB validation in their moving papers, explaining that Plaintiff was validated on May 5, 2011, and that it was not uncommon for a prisoner to be a member of several White-supremacist gangs. Plaintiff responded to this in his opposition to Defendants' undisputed facts.

To the extent that Plaintiff argues that this is a new argument, i.e., "that the AB validation would have occurred anyway without the NLR validation," he is mistaken. ECF No. 147, at 2. In their motion for summary judgment, Defendants argue that a retaliation claim fails if the adverse action would have been taken anyway. In explaining their argument and the evidence of gang affiliation, they note that Plaintiff was already a validated as an AB member. ECF No. 111-1 at 29, 32. In their reply, Defendants use the AB validation to argue that Plaintiff's contention regarding his retaliatory NLR validation is implausible. Plaintiff does not contest that he was validated as an AB member. This is not the type of "new argument" that is not permitted in a reply. Plaintiff does not need to explain why he believes that his AB validation should not have occurred because it is not an issue in the lawsuit. The Court is capable of determining relevant facts and arguments without additional briefing.

///
///
///
///

---

[1] Plaintiff also fails to set forth his actual out-of-pocket expenses which, given the length of the motion and other briefing, are likely minimal.

Plaintiff's motion to strike and for the imposition of sanctions (Document 141) is DENIED. Plaintiff's motion to supplement his motion to strike (Document 144) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **December 16, 2015**              /s/ *Dennis L. Beck*
                                   UNITED STATES MAGISTRATE JUDGE